### DAVIS vs. HAMPTON.

APPEAL from the court of the second district.

Purchasing a      MARTIN, J., delivered the opinion of the
horse that has    court.  The plaintiff claims a horse which
been stolen, in
market overt,     was stolen from him in the state of Missis-
does not give a
right to him,     sippi, now in the defendant's possession, or
unless there be
three years pos-  the value thereof.  The defendant pleaded
sessionfollowing
the sale.         the general issue, and that, admitting the fact
as stated by the plaintiff, still, as the defendant
is the *bona fide* owner and possessor of the
horse, having purchased him openly and

publicly of a horse jobber, in the public high-
way, the defendant is at all events entitled to
receive the price paid for the horse.

The plaintiff had judgment for the horse,
but was decreed to reimburse the price.    He
appealed.

His counsel urges, the judge *a quo* erred in
decreeing the payment of the price.    He urges
that the old *Civil Code*, 488, *art.* 75 and 76,
gives title to the possessor of a chattle, after a
possession of three years, unless it has been
stolen; in which case the former owner can
only recover it on paying the price paid, if it
has been bought in a public market or from a
person dealing in similar commodities.    He
contends it is only after a possession of three
years that the purchaser may demand the
price; and that the isolated fact of the de-
fendant's vendor having sold the horse now
claimed, with others at the same time, does
not constitute him a vendor of horses.    It is
insisted that a contrary construction would
repeal the article of the code, by making it a
dead letter; as the plaintiff would then be,
in every case, compelled to refund the pur-
chase money, and would result in the singular

East'n. District.
*March*, 1826.

DAVIS
*vs.*
HAMPTON.

anomaly that the recovery of stolen property would be rendered harder than that of property lost by carelessness or accident. The circumstance of the two articles cited being placed under the title of prescription, is presented as one that supports the conclusion; and it is said, the two articles being connected by the conjunction *but*, ought not to be divided.

The appellee's counsel consider the seventy-sixth article as positive, and unconnected with the preceding.

We are of opinion the district judge erred. The seventy-fifth article provides, " that if a a man has had a public and notorious possession of a moveable thing during three years, in the presence of the person who claims the property of the thing; said person, being a resident of the territory, is presumed to have known the circumstance of the possession, and the property becomes vested in the possessor, unless the thing has been stolen."

*Article seventy-six :* " but, however, if the thing stolen has been purchased by the possessor, at a public market, at a fair, or auction, or from a person dealing in similar commodities, the former possessor can only obtain

possession of the thing by paying the possessor the purchase money."

The last article appears to us most intimately connected with the preceding, of which it is a modification. It begins by the words, *but, however;* the definite article precedes the substantive *thing.* The thing; what thing? Evidently that just spoken of; that of which there has been a possession of three years.

According to the construction contended for by the appellee's counsel, the sale of stolen property would be vastly facilitated; as the former owner would be without a remedy as soon as the thief effected a sale. Thus a horse thief, if he was for a while successful, would be a dealer in horses, and would forever preclude the person the horse was stolen from, if he effected a sale of it.

It is therefore ordered, adjudged, and decreed that the judgment be annulled, avoided, and reversed; and that there be judgment, that the plaintiff recover the horse; and in default thereof, the sum of $115, with costs in both courts.

*Nicholas* for the plaintiff.