ROBERT C. CAMPBELL *v.* R. F. NICHOLS.

Plaintiff caused a carriage to be sent to his factors, to be forwarded to him when ordered. They sent it to a dealer in such articles, with instructions to sell it, and he sold it, at private sale, to defendant. It was not proved that the latter knew of the want of authority in the vendors. In an action against the purchaser to recover the carriage, or its value : *Held*, that the defendant acquired no right to the carriage, his vendors having none, nor any authority to convey any ; and that the sale was null. C. C. 2427.

It is only after an uninterrupted possession of three successive years, that one who purchased a thing stolen or lost, at public auction, or from a person in the habit of selling such things, can demand the price he paid for it of the rightful owner, who claims the property. C. C. 3472, 3473, 3474.

APPEAL from the District Court of the First District, *Buchanan*, J.

*J. C. Clarke*, for the plaintiff.

*F. Haynes*, for the appellant.

*D. Byrne*, for the warrantors.

MORPHY, J.   The petitioner claims a four-wheeled carriage, his property, now in the defendant's possession, or $400, the value thereof. The defendant admitted that he had .the carriage in his possession, but averred that he purchased the same from Dubois and Kendig, dealers in carriages and horses, and that he paid for said carriage $150 to his vendors, whom he prayed to have cited in warranty. They came in, and averred that when Nichols applied to them for a carriage, there was one at their establishment answering the description of that claimed

by the plaintiff, which had been sent there for sale by Hart, Butler & Co., of this city; that, at the instance and request of the defendant, this carriage was purchased for him, from Hart, Butler & Co. by Kendig, one of the firm of Dubois and Kendig, who acted in the transaction merely as his agent; and that, therefore, Dubois and Kendig were not his vendors, and cannot be made liable in warranty in this suit. There was a judgment below in favor of the plaintiff for the carriage sequestered, or, in default thereof, for its value, $150, with interest from the 23d of June, 1841, and a judgment in favor of the defendant against Dubois and Kendig, for a like sum and interest. The defendant, Nichols, appealed.

The evidence satisfactorily establishes the plaintiff's ownership of the carriage. In May, 1840, an agent of his in Mississippi, consigned it to Hart, Butler & Co., commission merchants, at New Orleans, to be shipped to Texas, at such time as the plaintiff should direct. Hart, Butler & Co., contrary to their instructions, put the carriage into the hands of Dubois and Kendig for sale. The latter sold it to the defendant for $150, but did not represent themselves to him as the agents of Hart, Butler & Co.

It is clear the defendant acquired no right to the property in dispute, his vendors having none themselves, nor any authority to convey any. Hart, Butler & Co. were entrusted with the carriage only for the purpose of keeping and forwarding it to Texas, whenever they should be ordered so to do. They were vested merely with the possession of the thing; no right of property in it ever passed to them; the sale, therefore, they made of the plaintiff's carriage, was null. Civil Code, art. 2427. 18 La. 589. This action was brought in June, 1841. The defendant had, therefore, acquired no right or title by prescription. Civil Code, art. 3472. But his counsel contends that, under the following article, 3473, he is entitled to claim of the plaintiff the price he paid for the carriage, having bought it from a person in the habit of selling such things. We think otherwise. In the first place, the article relied on speaks of things stolen or lost, which form an exception to the rule laid down in the preceding article, which gives title to the possessor of a chattel after a possession of three years; but even with regard to things sto-

len or lost, it results from the two articles, which have a clear reference to each other, that it is only after a possession of three years that the purchaser can demand the price he paid of the rightful owner who claims his property. Such was the construction put by this court upon those articles in the Code of 1808. *Davis* v. *Hampton,* 4 Mart., N. S. 288. Code of 1808, p. 488, arts. 75 and 76. This construction is strengthened by article 3474 of the new Code, which declares that, in certain cases therein specified, this reclamation on the part of the owner, even by reimbursing the price, is not allowed, although the purchaser has not possessed the chattel during the time required for the prescription of moveables.

*Judgment affirmed.*