(120 So. 45)

No. 29303.

## SECURITIES SALES CO. v. BLACKWELL.

### In re BLACKWELL.

Oct. 29, 1928.

On Rehearing Jan. 28, 1929.

For opinion of Court of Appeal, see 120 So. 250.

L. V. Cooley, Jr., of Slidell, for applicant.

Deutsch & Kerrigan, of New Orleans, and Miller & Heintz, of Covington, for respondent.

LAND, J. This is a sequestration suit for the recovery of an automobile, sold and delivered in the state of Mississippi under a conditional sale agreement, and resold several times in this state, and finally purchased by defendant from the Slidell Motor Company of the parish of St. Tammany.

The demand of plaintiff was dismissed in the district court, the writ of sequestration was dissolved, and the right to sue for damages for the illegal issuance of the writ was reserved to defendant.

On appeal, the judgment of the lower court was reversed by the Court of Appeal for the First Circuit, the writ of sequestration was maintained, and the Securities Sales Company, the plaintiff, was declared the owner of the truck, which was ordered delivered to it. Judgment was rendered also in favor of defendant against his warrantor, C. H. Larrabee, successor of the Slidell Motor Company, in the sum of $183.10, the amount paid by defendant on the truck up to the date of the seizure by plaintiff. This judgment is now before us for review, on application of defendant.

■ On March 9, 1926, the Poplarville Garage Company of Poplarville, Miss., entered into a conditional sale agreement with one Joseph Namie for the purchase of a Ford truck at the price of $468. Namie paid the garage company $175 in cash, and agreed to pay the balance of $293 in 10 monthly installments of $29.30 each, for which he executed his promissory note.

It was agreed that the title to the property should remain in the vendor until all of the installments were fully paid, and, if any one of the installments should remain unpaid for more than three days after maturity, then all of the remaining installments might, at the option of the holder, be declared due at once without any notice.

The truck was delivered to Namie in Poplarville, Miss., on the day of the sale, and on the same date, March 9, 1926, the conditional sale agreement was assigned to the plaintiff, the Securities Sales Company of New Orleans, La., for a valuable consideration.

After payment to the Securities Sales Company of 5 installments, Namie defaulted as to the payment of the remaining 5 installments, and, thereupon, the Securities Sales Company sequestered the truck which, at the time, was in the possession of Rob Blackwell, the defendant.

On July 26, 1926, defendant, without knowledge of adverse claims, purchased the truck from the Slidell Motor Company for the price of $197, and had paid the sum of $183.10 at the date of the seizure, April 25, 1927, leaving unpaid the last chattel mortgage note of $13.90 on the truck.

It is admitted that the truck was brought from Mississippi into this state by Namie, and sold here by him, and was transferred within the state several times before it was purchased by defendant from the Slidell Motor Company.

Namie acquired no title to the truck under the conditional sale agreement made in the state of Mississippi, and, consequently, no title vested in subsequent vendees. Overland Texarkana Co. v. Bickley, 152 La. 622, 94 So. 138.

The sale of the truck by Namie to the first vendee in this state was a fraudulent conversion of the property by the vendor, and may be assimilated to the sale of a thing stolen.

Defendant, in good faith, purchased the truck from the Slidell Motor Company, "a person in the habit of selling such things." Although defendant did not acquire the own-

ership of the truck by this sale, he did acquire the right to have the purchase price paid by him returned before the plaintiff, the owner, could obtain restitution of the truck. The law of the case is made plain by the provisions contained in article 3507 of the Civil Code, which declares: "If, however, the possessor of a thing stolen or lost bought it at public auction or from a person in the habit of selling such things, the owner of the thing can not obtain restitution of it, without returning to the purchaser the price it cost him."

It is therefore ordered that the judgment of the Court of Appeal for the First Circuit be amended so as to provide that the truck be restored to plaintiff upon the return of the price it cost defendant, to wit, the sum of $183.10, and that defendant be permitted to detain the truck in his possession until this sum is paid to him by plaintiff.

It is now ordered that the judgment of the Court of Appeal for the First Circuit, as amended, be affirmed.

O'NIELL, C. J. There ought to be a time limit put on the right of plaintiff to pay the $103.21 and take the truck; otherwise I concur in the decree.

### On Rehearing.

OVERTON, J. The rehearing granted in this case was not restricted. However, we were influenced in granting another hearing, because of doubts entertained by us as to the correctness of our decree, in so far as it amended the judgment of the Court of Appeal, by ordering plaintiff to pay to defendant the sum of $183.10, the amount defendant paid the Slidell Motor Company for the truck, before defendant could be required to deliver the truck to plaintiff.

With the exception stated above, we are satisfied as to the correctness of our former opinion and decree. This leaves for consideration the question as to whether plaintiff may be required to pay defendant the $183.10, mentioned above, before the latter may be required to return the truck.

In our original opinion we held that the sale made of the truck by Namie, the original vendor in this state, might be assimilated to the sale of a thing stolen. We also found on the first hearing that "defendant, in good faith, purchased the truck from the Slidell Motor Company, 'a person in the habit of selling such things,'" who claimed title by mesne conveyances from Namie, and while we held that defendant did not thereby acquire the ownership of the truck, that he did acquire the right, under article 3507 of the Civil Code, to have the purchase price repaid him by the true owner of the truck before he could be required to return the truck to its owner, without reference as to whether he had possessed the truck for three years or not.

The error we fell into was in not interpreting article 3507 in connection with article 3506 of the Civil Code. The two articles are closely related and should be interpreted together. Article 3506 reads as follows:

"If a person has possessed in good faith and by a just title, as owner, a movable thing, during three successive years without interruption, he shall acquire the ownership of it by prescription unless the thing was stolen or lost."

Article 3507 reads:

"If, however, the possessor of a thing stolen or lost bought it at public auction or from a person in the habit of selling such things, the owner of the thing cannot obtain restitution of it, without returning to the purchaser the price it cost him."

The two articles are found in the Code, in the chapter relating to prescription, and under the subtitle of "Prescription of Movables." What the two articles mean is that, if a person possesses a movable, as owner, in good faith and by a just title, for three suc-

cessive years without interruption, he acquires the ownership of it by prescription, unless the thing was stolen or lost, in which event he does not acquire the ownership by possessing as owner, under a just title, and in good faith, for three years. But, if the person who should so possess a thing which was stolen or lost, for three consecutive years, acquired the thing at public auction or from one in the habit of selling such things, while the law will not permit him to acquire the ownership by three years' prescription, notwithstanding his possession for three years, under the circumstances stated, nevertheless it will require the owner, after the lapse of that time, to pay to the possessor of the thing the price that the possessor paid for it, before the owner may require the possessor to return the thing. To hold otherwise would make it more burdensome for the owner to recover a thing, before the required three years had elapsed, that had been lost or stolen, than one which had not been. These views are fully supported by Davis v. Hampton, 4 Mart. (N. S.) 288, and Campbell v. Nichols, 11 Rob. 16.

Defendant did not acquire possession of the truck, as owner, until July 26, 1926. Citation in the present suit to recover the truck was served on defendant on April 27, 1927. Therefore, it is obvious that three years had not elapsed when this suit was filed. Hence, plaintiff is entitled to the truck without having to pay the $183.10.

For the reasons assigned, our former decree is amended by striking therefrom the requirement as to the payment of said sum of $183.10, and the privilege given defendant to retain said truck until the payment of said sum; and, as thus amended, our former decree is reinstated and made the judgment of this court.

THOMPSON, J., dissents.