ROGERS, J.
 

 Plaintiff is the bank commissioner of the state of Arkansas. As such commissioner, he brought this suit to recover $3,000 from the defendant, representing an assessment on a 100 per cent, liability of the amount of stock held by the defendant in the Citizens’ Bank, an insolvent institution, of the city of Pine Bluff. Defendant, a resident of Morehouse parish, state of Louisiana, denied liability on several grounds, and, in addition, specially pleaded the prescriptions of one and three years. After the trial of the case, but before judgment, defendant also filed an exception of no right or cause of action. The court below overruled defendant’s peremptory pleas and exception, but on the merits decided in. defendant’s favor, rejecting plaintiff’s demand. Plaintiff appealed, and defendant formally renewed, in writing, his pleas of prescription and exception of no right or cause of action. Plaintiff objected to the filing of the pleas and exception and moved that they be stricken from the records.
 

 Plaintiff alleged, as the basis of his demand, the insolvency of the Citizens’ Bank of Pine Bluff, and that, as state bank commissioner, he took charge of the institution for the purpose of liquidation as provided by the laws of Arkansas; that, in order to pay the debts and liquidate the affairs of the bank, he levied an assessment on its stockholders, as he was legally empowered to do, on an amount equal to the par value of the shares held by them; that the assessment levied on defendant was for $3,000, representing the par value of the stock owned by him.
 

 The court below rejected plaintiff’s demand on the specific ground that under the laws of Arkansas, as proved in the record, no authority is conferred
 
 on
 
 the
 
 state
 
 bank commissioner to levy an arbitrary assessment, making full proof of the liability of a stockholder in an insolvent bank; that the stockholders of such an institution are individually responsible only equally and ratably, and not one for another, for all contracts, debts, and engagements of the bank to the amount of the par value of their stock, in addition to the amount invested in such stock; that no showing was made of the resources and liabilities of the Citizens’ Bank, so as to fix the amount to be paid by each stock-holder
 
 *1043
 
 thereof under the statute. We do not find any error in the court’s ruling.
 

 On the trial on the merits, plaintiff offered in evidence sections 670 and 702 of the Digest of the Statutes of Arkansas as compiled by Crawford & Moses, which were admitted by all parties as being the law of Arkansas in full force and effect.
 

 Section 070 reads, in part, as follows, viz.:
 

 “The Commissioner shall be charged with the execution of all laws passed by the State of Arkansas relating to the organization, inspection, supervision, control, liquidation and dissolution of banks, trust companies and savings banks and the banking business of the State, and such other duties as may be enjoined upon said department or Commissioner, and he shall also have the power to make such rules and regulations as may be necessary to carry out the purposes and intent of all such laws. * * * ”
 

 Section 702 reads, in full, as follows, viz.:
 

 “Liability of Stockholders.
 
 The stockholders of every bank doing business in this State shall be held individually responsible equally and ratably, and not one for another, for all contracts," debts and engagements of such bank to the extent of the amount ,of their stock therein, at the par value there-the creation of the bank, with certain definite of, in addition to the amount invested in such stock; provided, that persons holding stock as executors, administrators, guardians or trustees shall not be personally subject to liability as stockholders, but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in such trust fund would be, if living and competent to act and hold the estate in his own name.”
 

 The state bank commissioner took ehai’ge of the affairs of the Citizens’ Bank of Pine Bluff on January 5, 1925, and on the next day, namely, January 6, 1925, he levied an assessment on the stockholders of the bank of 100 per cent, of the amount of their stock, although the inventory of the institution was not ^.completed and filed until January 10, 1925.
 

 The liability of the defendant as a stockholder in the Citizens’ Bank of Pine Bluff must be determined by the laws of Arkansas. That state, by its laws, authorized the creation of the bank, with certain definite powers and obligations; and, when defendant, a citizen of this state, became a stockholder therein, he entered into certain contractual obligations depending upon and subject to those laws so far as they do not violate the statutes or settled policy of this state. But this court cannot take judicial notice of the laws of Arkansas, which ,are facts that must be alleged and proved like any other facts in issue.
 

 Plaintiff, in his petition, alleged his legal right to levy the assessment of 100 per cent, liability against the defendant, and he put in evidence, on the trial of the ease, the laws under which he purported to act. These are the statutes we have hereinabove referred to and quoted.
 

 Section 670 prescribes the duties and powers of the state bank commissioner. In this section he is charged with the execution of ail statutes relating to the organization, inspection, supervision, control, liquidation, and dissolution of banks, trust companies, savings banks, and banking institutions of the state, and such other duties as may be enjoined upon him by law, with the power to make such rules and regulations as may be
 
 *1045
 
 necessary to carry out tlie purpose and intent of all pertinent statutes.
 

 Section 702 defines and fixes the liability of the stockholders of a bank doing business within the state. The stockholder’s individual liability under this statute is only an equal and ratable one with the other stockholders of the bank, not one for another, for all contracts, debts, and engagements of the institution to the extent of the amount of his stock, at its par value, in addition to the amount of his original investment in the stock.
 

 Plaintiff made no attempt to prove the contracts, debts, and engagements of the insolvent bank, relying on his right to recover from defendant solely on the proof of the arbitrary assessment levied against defendant and of the laws of the state under which he assumed to act.
 

 It seems plain to us from the language •of the pertinent statutes that, while it may ho the duty of the bank commissioner of Arkansas to enforce the double liability imposed upon the stockholders of an insolvent bank, he is not authorized to do so merely by his arbitrary fiat, but can only do so when the amount of money needed for the discharge of the debts, contracts, and engagements of the institution is expressly and properly determined. The statutory liability of a stockholder of the bank is only an equal and ratable one, and he is not bound for the obligations of his costockholders. Hence he can only be made to pay under his obligation of double liability when the conditions of his liability for a specific sum are lawfully made to appear.
 

 Counsel for the plaintiff cite two decisions of the Supreme Court of Arkansas, which they contend support plaintiff’s position that the action of state bank commissioner in levying the assessment on the defendant was conclusive both as to the necessity for and the amount of the call. These decisions are Davis, Bank Commissioner, v. Moore, 130 Ark. 128, 197 S. W. 295, and Aber v. Maxwell, State Bank Commissioner, 140 Ark. 203, 215 S. W. 389. But these decisions were not offered in evidence in the court below, and we cannot regard them as evidence here. The interpretation as well as the language of the laws of a sister state must be proved as a fact in a case; otherwise, we cannot consider such interpretation. Moreover, the parties expressly admitted that the statutes which we have quoted are the law, meaning, we take it, the only law, of Arkansas covering the present case.
 

 It is not necessary to discuss the effect of the pleas of prescription and .exception of no cause or right of action filed in the court below, or the right of the defendant to renew the pleas and exception in this court.
 

 For the reasons assigned, the judgment appealed from is affirmed, at the appellant’s cost.