STATE ex rel. GROSJEAN, Supervisor of
Public Accounts, v. SHURLEY et al.

No. 5145.

Court of Appeal of Louisiana. Second
Circuit.

Feb. 5, 1936.

R. W. Oglesby, of Winnfield, for appellant.

John R. Hunter & Son, of Alexandria, for defendant.

Polk & Robinson, of Alexandria, for intervener.

HAMITER, Judge.

This cause is presented on the third opposition of the General Motors Acceptance Corporation under which it seeks to arrest the execution of a judgment rendered herein in favor of the supervisor of public accounts of the state of Louisiana and against defendant H. E. Shurley. For the sake of brevity and convenience, we will refer to the General Motors Acceptance Corporation as opponent, and to the supervisor of public accounts as supervisor.

One of the defendants, H. E. Shurley, during the month of April, 1935, was engaged in Rapides parish in representing the Jackson Candy Company of Jackson, Miss. In carrying on his operations, he would contact various religious and educational organizations, principally those composed of negroes, deliver candy to them from his automobile under written agreements that they would sell it for cash, retain out of the proceeds of the sales stipulated amounts as commissions, and forward the balance of the money obtained to the Jackson Candy Company. Shurley received his compensation direct from the Jackson Candy Company. While so engaged in his work, the supervisor caused a rule to be directed to him, under the provisions of Act No. 15 of the Third Extra Session of 1934, to show cause why he should not be condemned to pay a peddler's license of $200, together with a penalty of 2 per cent. per month from March 1, 1935; and in connection therewith she obtained the issuance of a writ of provisional seizure under which Shurley's automobile, a Chevrolet coach, was impounded. The above-mentioned statute does not provide for the forfeiture of vehicles where peddler's licenses are unpaid, but directs that the seized property be turned over to any court of competent jurisdiction with due information as to the violation of the statute. Answer was filed to the rule, and, after due hearing, judgment was rendered in favor of the supervisor for the amount sued for, maintaining the writ of provisional seizure, and recognizing a lien and privilege on the seized automobile. Thereafter, a writ of fieri facias was issued on the judgment and the sheriff proceeded to seize and advertise the car for sale.

Prior to the date fixed for the sheriff's sale, opponent filed its petition of third opposition in which it alleged ownership of the car under a Mississippi conditional sales contract, and at that time was granted a temporary restraining order enjoining the sale. Answer to the opposition was filed by the supervisor, and, after trial, judgment was rendered in favor of opponent, decreeing it to be the owner of the automobile, and, as such, entitled to the immediate and absolute possession thereof free from any lien or claim on the part of the supervisor and perpetuating the order of injunction previously issued. From this judgment the supervisor has appealed. The defendant Shurley did not perfect an appeal, and, consequently, the case is before the court only on the controversy between opponent and the supervisor.

All of the testimony in the proceeding is in the form of depositions, and these depositions, which include answers to cross-interrogatories propounded by supervisor's counsel, were submitted by opponent.

The undisputed facts pertinent to a decision herein are as follows:

Defendant Shurley purchased the automobile during the month of March, 1935, from the Handwerker Motor Company of Yazoo City, Miss. The total consideration for the sale was the sum of $427.76, payable $125 cash, and the balance of $302.76 payable in monthly installments of $25.23 each. A written conditional sales agreement was signed and executed by the parties, and under it title to the car was to remain in such motor company, or its assigns, until the total consideration was fully paid. The contract further provided that should the monthly installments not be paid when due, or the car be taken out of the county in which it was sold without the consent of the seller, or its assigns, the entire unpaid balance would immediately become due and the motor company, or its assigns, entitled to the possession thereof. Both parties were residents of Mississippi, and the agreement was entirely made, executed, and consummated in that state. No recordation or registration of the instrument was had. Opponent became the owner of the agreement by virtue of an executed assignment of the motor company, duly authorized by Shurley.

None of the deferred payments having been made by Shurley under the contract, and the car having been removed into the state of Louisiana without opponent's consent, opponent sought, in this proceeding, to assert its ownership and obtain possession of the chattel.

It is established by the record that the conditional sales contract involved in this proceeding is valid and enforceable under the laws and jurisprudence of the state of Mississippi, and that opponent succeeded to all of the rights and privileges of the Handwerker Motor Company by reason of the duly executed assignment.

■■ Our Supreme Court has, in several decisions, upheld and recognized the validity of conditional sales agreements which were entirely executed and made in other states and were legal and valid under the laws of the states where made; and has sustained the ownership of chattels in the vendors, under such conditional sales contracts, until the purchase price has been paid. Overland Texarkana Co. v. Bickley, 152 La. 622, 94 So. 138; Securities Sales Co. v. Blackwell, 167 La. 667, 120 So. 45; Finance Security Co., Inc., v. Conway, Supervisor, 176 La. 456, 146 So. 22. The supervisor, through her counsel, is familiar with and recognizes this general rule, but contends that this case presents an exception thereto in that the conditional sales contract was not recorded as required by the provisions of a certain statute of the state of Mississippi known as the "Sign Statute" (Code Miss.1930, § 3352). To show her position on this point, we quote from her counsel's brief as follows:

"This conditional sales agreement was not recorded, or registered as they call it in Mississippi. The Supervisor of Public Accounts takes note that the Courts of Louisiana, although in Louisiana we have no conditional sales, uphold contracts of that sort made in states where they are legal and permissible. Therefore, so far as this suit is concerned, it must be tried and determined by the laws of the State of Mississippi which operates under the common law on the question of conditional sales. Ordinarily, it is not necessary to record conditional sales contracts in order to pursue the property even in the hands of innocent purchasers. There is an exception, however, in what they choose to call the Sign Statute, that is where the sale is made to a trader it must be recorded in order to prevail over judgment creditors of the trader, or one doing business under a company name. The law reads as follows:

" 'If a person shall transact business as a trader or otherwise, with the addition of the words "agent", "factor", "and Company" or "a Co." or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is conducted, or if any person shall transact business in his own name without such addition, all the property, stock, money and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and he in all respects treated in favor of his creditors as his property.'

"Our contention is that Shurley was a trader under the meaning of the above act

and that fact was well known to Mr. Handwerker who made the sale of the car and in order to prevail over the State of Louisiana, a judgment creditor, must have had the sales agreement recorded."

The above-quoted sign statute, relied on by the supervisor, was placed in the record in connection with the deposition of A. Y. Harper, a witness for opponent, and an attorney of the bar of Jackson, Miss., who has actively and continuously engaged in the practice of his profession in that state since the year 1922. Mr. Harper, whose testimony was not objected to and is in no manner contradicted, states that, in his opinion, the provisions of the sign statute were not applicable to the operations of defendant Shurley, and that, consequently, the conditional sales agreement in question did not have to be recorded in order for opponent's title to prevail over the claim of the supervisor. Inasmuch as no proof has been furnished, and no Mississippi decisions have been cited, interpreting the provisions of the sign statute of our sister state as being applicable to this controversy, and the testimony of Mr. Harper being uncontradicted and furnishing a contrary interpretation, we are compelled to hold that the supervisor's contention has not been substantiated, and that opponent's title to the seized automobile should prevail.

"The interpretation as well as the language of the laws of a sister state must be proved as a fact in a case; otherwise, we cannot consider such interpretation." Taylor, Bank Commissioner of Arkansas, v. Terzia, 171 La. 1040, 132 So. 781, 783.

For the reasons assigned, the judgment appealed from is affirmed.