129 So.2d 45 (1961)
Johnnie M. ROBINSON, Plaintiff-Appellant,
v.
Richard E. BROWN, Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, and White Cleaners & Dyers, Inc., Defendants-Appellees.
No. 9446.
Court of Appeal of Louisiana, Second Circuit.
April 12, 1961.
Melvin L. Bellar, Shreveport, for appellant.
Jerry H. Bankston, Baton Rouge, for Richard E. Brown, Adm., defendant-appellee.
Johnson, Morelock, Gatti, Egan & Cook, Shreveport, for White Cleaners & Dyers, Inc., defendant-appellee.
Before GLADNEY, AYRES, and BOLIN, JJ.
AYRES, Judge.
Plaintiff appealed from a judgment sustaining a decision of the Board of Review of the Division of Employment Security of the Department of Labor, holding that plaintiff was discharged from her employment because of a violation of a rule of the employer with respect to garnishment of wages and, hence, that she was discharged for misconduct connected with her employment, and thus disqualified for unemployment compensation benefits.
*46 In a specification of errors, plaintiff contends that the court erred in holding (1) that she was guilty of misconduct connected with her employment, as a matter of law, because a garnishment attaching her salary was served upon her employer, and (2) that this was a reasonable rule of the employer, the violation of which amounted to misconduct in connection with her employment within the intent and spirit of the Employment Security Act, LSA-R.S. 23:1471 et seq.
The facts material in resolving the questions presented may be briefly stated. Plaintiff had been employed as a presser for White Cleaners & Dyers, Inc., for approximately 12 years. No complaint was made that her work had been other than satisfactory. The employer had a rule to the effect that any employee whose wages were garnisheed would be discharged. Plaintiff's wages were garnisheed because of her inability to make payments on her indebtedness satisfactory to her creditor. This was the only instance during her employment in which her wages were garnisheed. The amount of the bill involved was approximately $60, on which claimant had apparently agreed to pay $5 per week. Being unable to make this weekly payment due to ordinary living expenses, she was in no position to avoid the garnishment.
The sole issue in this case is whether or not, under the aforesaid circumstances, an employee whose wages are garnisheed is guilty of misconduct connected with her employment, as a matter of law, or, stated differently, whether or not the violation of a rule of the employer, relating to garnishment of wages of the employee, constitutes misconduct connected with the employment within the meaning and intendment of the statute.
It must be conceded, of course, that, in the absence of some statutory or contractual prohibition, an employer may establish such rules and regulations relating to the employment and discharge of employees as it may deem expedient and advisable. In the absence of any prohibition, it must also be conceded, an employer may discharge an employee for the violation of any such rules or for any reason whatsoever, whether connected with the employee's employment or not, and even for no reason at all. But, it must likewise be admitted, there is a vast distinction between the violation of a rule of an employer that would justify the discharge of the employee and a violation of such rule that would warrant a determination of misconduct connected with the employee's employment so as to disqualify him for the statutory unemployment compensation benefits.
A violation by an employee of a rule relating to employment warranting the withholding of the benefits of the statute must be determined, not by the employer's rules, but, by the provisions of the statute itself. The statute provides, with reference to disqualifications that an individual shall be disqualified for benefits if the Administrator finds that he has been discharged for misconduct connected with his employment. LSA-R.S. 23:1601(2).
In giving consideration to the issues involved, it must be borne in mind that the Louisiana Employment Security Act falls within a class of social and economic legislation that should be so interpreted by the courts as to extend its benefits so far as possible limited only by expressed legislative restrictions. The obvious purpose of that section of the Employment Security Act, hereinabove referred to, is to deny the benevolent benefits of the statute to those who bring about their own unemployment by conducting themselves, as respects their employment, with such callousness, deliberate or wanton misbehavior or lack of consideration that, to the minds of reasonable men, would justify the employer in discharging the employee and, thus, in effect, that his unemployment was superinduced. Obviously, the promotion of employment security would not result *47 if the unemployment benefits were allowed to those who, through their own willful and wanton misconduct, bring about their own unemployment.
The question is: Do the facts establish misconduct upon the part of the plaintiff within the intent of the statute? In formulating an answer to this question, consideration must first be given to a definition or meaning of the term. In this connection, we had occasion to state, in Sewell v. Sharp, La.App. 2d Cir., 1958, 102 So.2d 259, 261.
"* * * `Misconduct' is a word of general usage and is not defined in the statute itself. Resort, must, therefore, be made to the generally accepted definitions, such as wrongful, improper or unlawful conduct, motivated by premeditated, obstinate, or intentional purpose. Misconduct, within the meaning of the Unemployment Compensation Act, excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, and a disregard of standards of behavior which the employer has a right to expect of his employees. 48 Am.Jur., p. 541, `Social Security, Unemployment Insurance and Retirement Funds', § 38; 81 C.J.S. Social Security and Public Welfare § 162, pp. 245-247. In determining, however, what constitutes misconduct, the standard to be applied is that of the employment contract, expressed or implied, which fixes the worker's duties in connection with his work, viewed in the light of the employer's duties, responsibilities, and obligations to the employee. Without question loyalty, consideration and cooperation are due by the employee to the employerthe laborer should be worthy of his hire. This is not, however, an entirely unilateral proposition; the employee is likewise due some degree of reciprocation."
See, also, Burge v. Administrator, Etc., La. App.2d Cir., 1955, 83 So.2d 532; Surgan v. Parker, La.App. 2d Cir., 1938, 181 So. 86, 89.
Can it be reasonably asserted that plaintiff's conduct in this instance was willful or wanton, or premeditated, obstinate, or intentional? We think not. According to plaintiff's testimony, which is uncontradicted, due to the lack of earnings of her husband, the payment of necessary living expenses, such as rent, food, and electric, gas, and water services, had to be met from her wages, the result of which she was unable to pay, on the indebtedness, $5 per week as she had apparently agreed. She had made purchases from this creditor over a period of 13 years, and its acts in resorting to garnishment were attributable by her to a new collector who, apparently, did not understand the satisfactory credit relationship she had had with his employer.
If garnishment per se is to be construed as misconduct connected with one's employment, then the disqualifying factor would not depend upon the willful, wanton or intentional conduct of the employee but, in many instances, upon the whim, caprice, arbitrary, and unreasonable action of an overzealous creditor or bill collector, and without giving consideration to whether the garnishment was issued legally or illegally, or whether justified or unjustified.
In this connection, it may be pointed out that the garnishment of a laborer's wages is permitted and authorized by statute and, in every case, whether the garnishment be under an attachment or by fieri facias, a judgment is required to be rendered by a competent court fixing the portion of the wage exempt and providing for the payment of the unexempt portion to the creditor. LSA-R.S. 13:3921. Under such proceedings, the garnishee is a mere stakeholder, a custodian of the funds, or the property seized or attached, in his possession. He has no pecuniary interest in the matter. He has no costs to pay and, therefore, none to save. His duty is to let *48 the law take its course between the litigants. Should the Legislature have intended that the garnishment of an employee's wages would per se constitute misconduct in every instance upon the part of the employee connected with his employment, and thereby result in his disqualification for the unemployment benefits under the Employment Security Act, the Legislature could have, and no doubt would have, by the use of appropriate language, clearly expressed such intention.
The defendants, Administrator and employer, cite and rely upon the decision in American Sugar Refining Company v. Taylor, La.App. Orleans, 1959, 115 So.2d 898, 900, as did the trial court in the instant case. That case, however, is, in our opinion, clearly distinguishable from the instant case. There, the court sustained a ruling which involved a very lenient rule of the employer. The employee was discharged only after repeated garnishmentsat least four in number. In this regard, the court observed:
"* * * We are of the opinion that when Taylor permitted excessive and multiple garnishments to be issued against his wages in violation of the company rule, such constituted a disregard of his employer's interest and is misconduct in the employment within the contemplation of the statute, and we think that when the employer discharged such a recalcitrant employee, it should be able to successfully urge a protest to the allowance of unemployment compensation benefits to him. Our thought is that an employee who habitually allows garnishments to be issued in violation of the employer's rule is as much guilty of misconduct in the employment as would be an employee who deliberately and unauthorizedly sold his employer's merchandise at a loss."
In the instant case, as heretofore pointed out, claimant had a long and satisfactory service record with the employer, as well as a satisfactory credit record with her creditor. Her wages were only garnisheed on this one occasion.
Thus, the fact is pointed up, as generally recognized, that cases coming under the Employment Security Act are generally factual in nature and the issues of each must be determined largely upon their particular facts. For instance, whether an employee has been guilty of misconduct connected with his employment must be determined from his own acts and the facts established to exist in his own case and not from the acts of others over whom he has no control. And, one could hardly contend that an unwarranted and unjustified act of a creditor in garnisheeing his wages would constitute misconduct on his partit could very well constitute misconduct on the part of the creditor.
From our consideration of the facts established in the instant record, we do not find that plaintiff was guilty of misconduct connected with her employment within the intendment and purpose of the statute so as to bar and preclude her from recovering the statutory unemployment benefits.
Accordingly, the judgment appealed is annulled, avoided, reversed and set aside, and
It is now ordered, adjudged and decreed there be judgment herein in plaintiff-claimant's favor and, therefore, this cause be, and it is hereby, remanded to the Board of Review, Division of Employment Security of the Department of Labor of the State of Louisiana, which agency is hereby ordered and directed to recognize claimant's eligibility to unemployment compensation benefits under the provisions of the Louisiana Employment Security Law and to cause payment thereof to be made to claimant in accordance with the law, and it is so ordered.
Reversed, rendered and remanded.