BOLIN, Judge.
This case was consolidated in the lower court and on appeal with the cause styled Bridges et al. v. Jones, 136 So.2d 723, No. 9636 on our docket. Inasmuch as the two cases involve the same parties, and similar relief is sought in each, we will make reference to both cases in this opinion. For sake of brevity we will refer to appellants in both cases as plaintiffs.
Winston Albert Jones, a citizen of Shreveport, Louisiana, died testate on April 2, 1952. Since his death there has been extensive and almost continuous litigation between his'widow and members of his family. An examination of the record now before us reveals several hundred pages of pleadings dealing with this contest. Fortunately for us, it is necessary to discuss only a limited portion of this record in that the matter on appeal is confined to the correctness of the lower court’s ruling in sustaining an exception of no cause or right of action in each case.
Approximately two years following the death of Winston Albert Jones his widow, Charlene Willoughby Jones, was appointed dative testamentary executrix. At his death, Mr. Jones owned an interest in a valuable oil and gas lease in Gregg County, Texas. Apparently for convenience he caused his brother, M. Carl Jones, to be shown in the instrument as the owner of his interest therein. After extended litigation, it was judicially determined that decedent owned an undivided one-fourth interest in the lease and his brother, M. Carl Jones, owned a like interest; and the entire one-half interest was stated as belonging to the brother merely for the purpose of convenience. M. Carl Jones received the production proceeds rightfully belonging to both brothers from this oil and gas lease from 1939 through September. 1953. The decedent’s interest in this oil and gas lease was also determined to be his separate property. Decedent also left some community property in Louisiana with which we are not concerned in the instant case.
Winston Albert Jones, by means of an olographic will, bequeathed plaintiffs three-tenths of his interest in the oil and gas lease, and Mrs. Charlene W. Jones and his children were bequeathed the remaining seven-tenths interest therein. The plaintiffs never accepted their special legacies under the will, and made no demand for them until December, 1959. His succession was opened in Caddo Parish, Louisiana, and a final account was tendered by the executrix in due course. In Suit No. 9635, the plaintiffs have filed an opposition to the proposed final account alleging they are entitled to be listed as creditors of the succession for the sum of $6,734.88 which they allege represents money received by M. Carl Jones for their three-tenths interest in the lease which he gave to the executrix for paying succession debts, etc. They allege they are not obligated to pay debts of the succession as particular legatees. In Suit No. 9636 the plaintiffs seek a judgment for $5,408.11 against Charlene W. Jones individually for their • alleged three-tenths interest in $18,027.05 personally advanced to her by M. Carl Jones from the proceeds of the oil and gas lease in question. M. Carl Jones was made a party to both suits in the District Court of Caddo Parish, Louisiana, but the plaintiffs prayed for no judgment against him.
*722 Exceptions of no cause or right of action were filed in both proceedings upon the stated ground “that any cause of action the plaintiffs may have would be against M. Carl Jones for any money which he may have advanced to the defendant personally”. The lower court sustained the exception in each case which resulted in this appeal. In sustaining the exceptions, the judge below assigned written reasons therefor. The lower court concluded that since plaintiffs did not attach to their pleadings or allege the specific laws of the state of Texas relating to special legatees, the laws of Louisiana would be applicable; that under our law, no delivery of a legacy under a particular title could be made until a demand for same had been made from the testamentary executrix. The exception in each case was sustained for the additional reason that any cause of action the plaintiffs might have was against M. Carl Jones rather than against Mrs. Charlene Willoughby Jones because she was merely the receiver of the money.
We have concluded the lower court was in error in sustaining the exception of no cause or right of action in each case. Appellants contend the lower court had no authority to consider any reasons for the exceptions other than the specific grounds set forth therein; that, therefore, the trial judge was in error when he considered the question of whether the laws of Texas had been specifically alleged and proved. Appellants further contend that even if such grounds were properly considered the ruling was erroneous. We circumvent the necessity of passing on the question of whether the lower court had the right to consider other causes beyond those stated in the exception by concluding the exceptions should not have been sustained for either reason. In support of its ruling on the exception, the lower court cited the following cases: Taylor v. Terzia, 171 La. 1040, 132 So. 781 (1931); State ex rel. Grosjean v. Shurley, (La.App. 2 Cir., 1936) 165 So. 533. An examination of these cases reveals that in each a trial was had on the merits, and it was, therefore, correctly held that the courts of Louisiana could only consider the laws of another state when such laws had been specifically alleged and proved. However, where the defense is raised by means of an exception, the plaintiffs should be given an opportunity to prove the law of the foreign state when the case is heard on its merits rather than having same dismissed on such exception. In the instant case, appellants have alleged that the laws of Texas permit them to sue for special legacies without the necessity of first making a demand therefor as required under the Louisiana law. We do not consider such allegations to be mere conclusions of the pleader, but to the contrary, lay the proper foundation for the introduction and proof of such laws upon a trial on the merits. In Pacific Finance Loans v. Guidry, (La.App.Orl., 1953), 69 So.2d 56, 60, we note the following language:
“Of course, the law of Texas as evidenced by the decision of the Supreme Court of Texas in the Fretz case could not be proven by the mere offering of that decision, and, on a trial on the merits if it became necessary to prove what is the law of Texas on the subject, counsel would have to produce evidence similar to such as might be required to prove any other fact.
>|í :¡í ijí jJí ij;
“Although we cannot at this time accept as proof of the law of Texas the decision of its Supreme Court, nevertheless we think that we may assume, should such proof seem necessary, that plaintiff would offer proof of that law when the matter is tried on the merits in the District Court.”
We think the court was also in error when it held that any cause of action the plaintiffs had was against M. Carl Jones merely because he was the one who received the money under the lease and paid same to Mrs. Charlene Willoughby Jones. The *723 district judge gave ' the following as his reasons:
“We held that money did not have any earmarks; that if plaintiffs had any cause of action it was against M. Carl Jones, because he is the only one who received pay for the oil that was produced, of which plaintiffs say %oths belonged to them; and under the facts and law cited, plaintiffs have no cause of action against Mrs. Charlene Wil-loughby Jones; that under the facts detailed, their recourse is against M. Carl Jones.”
We find ourselves in disagreement with the aforesaid reasoning of our learned brother below. The appellants have alleged that M. Carl Jones paid money to Mrs. Charlene Willoughby Jones which did not rightfully belong to her, but a portion of which was legally owed to them. They are not, therefore, suing for the return of a specific piece of money or chattel, but merely for a debt. Under these circumstances, we think the plaintiffs have stated a cause of action under a quasi contractual obligation pursuant to LSA-C.C. arts. 2293, 2294 and 2301. It has been alleged that M. Carl Jones paid Mrs. Charlene Willoughby Jones money which was “not due” her. Under these circumstances, we do not feel the law limits the appellants cause of action solely against M. Carl Jones, but they may proceed directly against the party who is alleged to be holding the money owed to them. Grant Timber & Mfg. Co. of Louisiana, Inc., v. Capps, (La.App. 2 Cir., 1939) 186 So. 874; Succession of Fields, 222 La. 310, 62 So.2d 49S (19S2).
For the reasons stated, the judgment of the lower court sustaining the exception of no cause or right of action is reversed and set aside, and such exception is hereby overruled and the case is remanded to the district court for further proceedings consistent with law and this opinion. The cost of this appeal is assessed against Charlene Wil-loughby Jones, in her capacity as dative testamentary executrix of the Succession of Winston Albert Jones, all other costs to await the final determination of the cause.
Reversed and remanded.