102 So.2d 259 (1958)
Etta M. SEWELL, Plaintiff-Appellant,
v.
Thomas W. SHARP, Acting Administrator of the Division of Employment Security of the Department of Labor of the State of Louisiana et al., Defendants-Appellees.
No. 8794.
Court of Appeal of Louisiana, Second Circuit.
March 25, 1958.
Rehearing Denied April 22, 1958.
*260 Melvin L. Bellar, Shreveport, for appellant.
Lewis D. Dunbar, Marion Weimer, Baton Rouge, Cook, Clark, Egan, Yancey & King, Shreveport, for appellees.
AYRES, Judge.
This is an appeal taken by Etta M. Sewell pursuant to the provisions of LSA-R.S. 23:1634 of the Louisiana Employment Security Law to review a judgment of the District Court and the findings and decision of the Louisiana Board of Review, an agency of the Department of Labor of the State of Louisiana, which denied her unemployment compensation benefits.
The defense is that plaintiff is disqualified for the statutory benefits in that (1) she voluntarily left her employment without good cause connected with her work and (2) that she was discharged by the employer for misconduct connected with her employment. These defenses, obviously inconsistent, were sustained by the trial court in upholding the findings and conclusions of the Board of Review.
The facts are that claimant was employed as a charwoman by the Commercial National Bank in Shreveport, Louisiana, where, and in which capacity, she had worked for a period exceeding two years. Her contract of employment, as one of the conditions thereof, provided for an annual two weeks' vacation with pay, which vacation for 1957 was scheduled to begin June 30, 1957, on which date, or the day prior thereto, she was informed by her foreman that her vacation was canceled. A postponement of her vacation was requested because of the continued illness of other employees in the same department. Plaintiff insisted upon taking her vacation as scheduled because of the serious illness of her daughter, who needed her services and personal attention. She was not informed that if she insisted upon her vacation she would be discharged.
The obligations in an employment contract are reciprocalservices are rendered for a remuneration, and additional covenants or promises by either of the parties thereto constitute a part of the moving consideration or inducement for the making of the contract. Martin-Parry Corp. v. New Orleans Fire Detection Service, 221 La. 677, 60 So.2d 83. In a contract of employment providing for a vacation with pay, such stipulation is, in effect, a stipulation for additional wages; that is, that the benefits so provided constitute a portion of the benefits accruing to the employee in compensation for services rendered. Division of Labor Law Enforcement, State of California v. Sampsell, 9 Cir., 172 F.2d 400; In re Public Ledger, Inc., 3 Cir., 161 F.2d 762; In re Wil-Low Cafeterias, Inc., 2 Cir., 111 F.2d 429; Textile Workers Union of America, CIO, v. Williamsport Textile Corp., D.C., 136 F.Supp. 407; Owens v. Press Publishing Co., 20 N.J. 537, 120 A.2d 442.
Such a provision in an employment contract is a reasonable arrangement to *261 secure the well-being of the employees and the continuance of harmonious relations between the employer and the employees. It has been heretofore observed by this court that the Louisiana Employment Security Act comes within a class of social and economic legislation, remedial in its nature, and, as such, should be so interpreted by the courts as to extend its benefits as far as possible, within the bounds imposed by expressed legislative restrictions. Lacombe v. Sharp, La.App., 99 So.2d 387.
The question is, do the facts establish misconduct upon the part of the plaintiff within the intent of the statute? "Misconduct" is a word of general usage and is not defined in the statute itself. Resort, must, therefore, be made to the generally accepted definitions, such as wrongful, improper or unlawful conduct, motivated by premeditated, obstinate, or intentional purpose. Misconduct, within the meaning of the Unemployment Compensation Act, excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, and a disregard of standards of behavior which the employer has a right to expect of his employees. 48 Am.Jur., p. 541, "Social Security, Unemployment Insurance and Retirement Funds", § 38; 81 C.J.S. Social Security and Public Welfare § 162, pp. 245-247. In determining, however, what constitutes misconduct, the standard to be applied is that of the employment contract, expressed or implied, which fixes the worker's duties in connection with his work, viewed in the light of the employer's duties, responsibilities, and obligations to the employee. Without question loyalty, consideration and cooperation are due by the employee to the employerthe laborer should be worthy of his hire. This is not, however, an entirely unilateral proposition; the employee is likewise due some degree of reciprocation. The employer's needs for the employee's services, under the circumstances, were predicated upon the illness of certain other employees. Plaintiff's desire and need for her vacation at the time scheduled were likewise predicated upon illness, that of her daughter, who, as aforesaid, was in need of her mother's services and personal attention. We are inclined to believe that the vacancy could have been temporarily filled until the expiration of plaintiff's vacation, without inconvenience to the employerin fact, the services of another were obtained.
We recently held in Lacombe v. Sharp, supra, where an employee, a nurse's aide in a clinic, took an indefinite leave of absence because of serious illness in her immediate family and upon return found that she had been replaced, that her actions did not constitute misconduct so as to deprive her of the benefits afforded by the statute. The reason for the employee's absence, or extended leave, was real and compelling, even though purely of a personal nature. The complaint was that neither a request for additional leave nor notice of the date of her return was given her employer. This was held insufficient to deprive her of unemployment compensation. There we observed that
"The courts of some of the other states having a similar statute have recognized family obligations may furnish real and compelling reasons for leaving employment and the pressure thereof may transform what is ostensibly voluntary unemployment into involuntary unemployment." 99 So.2d 387, 390.
Discharge because of absence for reasons of health, at least after the employer is given notice, has been held not to constitute a sufficient basis for a denial of benefits on the ground of willful misconduct. 41 A.L.R.2d 1165.
We do not think that the term "misconduct" as used in the Unemployment Compensation Statute, excepting employees discharged for misconduct from *262 the benefits of the statute, should be so literally construed as to effect a forfeiture of such benefits by an employee except in clear instances. The term should be construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision by excluding cases not clearly intended to be within the exception. Such appears to be the general rule. 81 C.J.S. Social Security and Welfare § 162, p. 247.
These reasons fully warrant and justify a reversal of the judgment. However, a more compelling reason is that plaintiff's action was in accord with the terms of her contract of employment. She was entitled to a vacation with pay, which had been timely agreed upon and scheduled by the employer. Insistance upon compliance with the terms of the contract does not constitute misconduct. The employer's purported and belated cancellation or alteration of the agreement as to her vacation approaches arbitrary action. No valid reason has been shown why plaintiff should be compelled to forego her vacation any more than she should be compelled to forego the monetary portion of the agreed remuneration for her services.
We do not hold, and do not intend to hold, that in every instance an employee is entitled to a vacation exactly as scheduled. The facts and circumstances of each case must be given consideration. We do hold, however, under the state of facts shown to exist here, plaintiff's taking of her vacation was neither a voluntary relinquishment of her employment nor misconduct in connection therewith as would justify a denial of her rights to the benefits under the statute.
The ruling in Burge v. Administrator, Division of Employment Security of the Department of Labor, La.App., 83 So.2d 532, 535, cited by appellees is inapposite. Burge was a conductor in charge of a railroad engine engaged in switching cars loaded with explosives in a railroad yard at an ordnance plant. There we said:
"An employee who knowingly violates a safety rule upon the observance of which depends the lives of fellow workers is guilty of willful misconduct and his discharge by the employer is justifiable. Think what might have happened if a train ignoring a blue flag bumped a car being loaded with explosives, thereby causing an explosion."
The circumstances admit of no comparison with the facts of the instant case.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed and set aside, and the case is, accordingly, remanded to the Board of Review, Division of Employment Security of the Department of Labor of the State of Louisiana, which agency is hereby ordered and directed to recognize claimant's eligibility to unemployment compensation benefits under the provisions of the Louisiana Employment Security Law and to cause payment to be made to claimant in accordance with said law.
It is further ordered, adjudged and decreed that the appellee, Commercial National Bank in Shreveport, Louisiana, be and it is hereby taxed with costs of court, as well as of this appeal.
Reversed and remanded.

On Motion for Rehearing.
PER CURIAM.
The employer, the Commercial National Bank in Shreveport, Louisiana, was only a nominal party defendant, pursuant to statutory requirement. The assessment of costs against it was, therefore, unjustified. Exercising the discretion vested in this court as to the assessment of such costs, the judgment of this court is amended by relieving the employer aforesaid from the payment of costs, but maintained in all other respects.
The motions for rehearing are accordingly denied.