McBRIDE, Judge.
United States Gypsum Company has taken this appeal, as authorized by Louisiana Employment Security Law (LSA-R.S. 23:1471 et seq.) from a judgment of the Civil District Court for the Parish of Orleans, affirming the decision of the board of review for the Division of Employment Security, which had reversed the decision of the appeals referee and removed the disqualification of Samuel Spears as a claimant of unemployment compensation benefits.
In September 1958 Spears was employed by United States Gypsum Company as a packer and loader, his duties in general being similar to those of a laborer in any shipping or. receiving department. On April 30, 1959, he, in the course of his duties, was directed by the foreman to proceed from the loading platform and procure a boxcar door puller chain. It is said that after obtaining the chain Spears threw it across a spur track with the result that it landed in some shells in and about the track, causing a number of shells to fly about from the impact. No one was injured in the incident.
It abundantly appears the United States Gypsum Company being ultra safety conscious adopted a code of rules and regulations designed to promote safety in the operation of its plant, all of which were known to Spears, one of these rule's being “never throw objects.” After the incident involving the chain, Spears was fired for violating the mentioned safety rule; and he has claimed unemployment compensation benefits, his claim being met by an opposition filed by the employer, whose interest to oppose arises from the fact that its contributions to the unemployment compensation fund would be increased in the event benefits under the act are paid, as the amount of the benefits paid are chargeable against the employer’s experience rating record.
The employer has contended that Spears’ act in throwing the chain instead of carrying it being in violation of a rule of the employer, his discharge was for misconduct connected with his employment, and under these circumstances he is disqualified from any benefits in view of the provisions of LSA-R.S. 23:1601, as amended, which in part reads as follows:
“An individual shall be disqualified for benefits:

“(2) If the administrator finds that he has been discharged for misconduct connected with his employment. * * * »
On May 29, 1959, the Division of Employment Security held that Spears was disqualified for benefits “for misconduct connected with work.” Subsequently, the appeals referee affirmed the action of the division holding that in violating a rule of work, the claimant misconducted himself and set in motion the action leading to his discharge. On September 28, 1959, thk. board of review ruled “decision of the Appeals Referee be reversed, and the disqualification be removed.”
Pursuant to LSA-R.S. 23:1634, as amended, the employer sought a judicial review of the decision of the board of review by initiating this proceeding in the Civil District Court, and as has been stated, after a hearing, the court rendered judgment as aforestated. In connection with any proceeding for a judicial review it is provided in said section the findings of the board of review as to facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.
The facts as found by the board of review, to quote its language, are:
“The record shows that the claimant was. discharged for violation of a known safety rule. It is an admitted *364 fact that he did violate a safety rule. However, insufficient evidence has been introduced to show that the claimant willfully or deliberately violated this rule. His actions are not of such a nature that it would indicate that he was deliberately trying to violate any safety rule or any other rules and regulations of the employer; therefore, after considering the evidence, it is the opinion of the Board that the claimant was not discharged for misconduct connected with his work.”
The evidence considered by the board of review with reference to the alleged chain-throwing was conflicting, the foreman testifying that Spears threw the chain, which was about 19}4 feet in length and weighing approximately 291/2 pounds, about 15 to 20 feet, causing a few shells to splash into the air and hit a man on his ankle; while, on the other hand, Spears’ testimony is to the effect that after getting the chain out of the gear locker, he walked to the edge of the docks and merely dropped the chain; he denied throwing it.
As was stated in Sewell v. Sharp, La.App., 102 So.2d 259, 261, the word “misconduct,” within the meaning of the Unemployment Compensation Act, to exclude a discharged employee from its benefits:
“ * * * must be an act of wanton or willful disregard of the employer’s interests, a deliberate violation of the employer’s rules, and a disregard of standards of behavior which the employer has a right to expect of his employees. * * * ”
In Burge v. Administrator, Division of Employment Security of Department of Labor of State of Louisiana, 83 So.2d 532, 535, the Court of Appeal, Second Circuit, made this observation:
“We are mindful that Section 1601 does not qualify the word ‘misconduct’ with ‘willful’ or other adjectives denoting relative degrees of culpability, but where used in similar unemployment compensation acts and judicially interpreted ‘misconduct’ has been distinguished from mere heedlessness or carelessness. * * * ”
In the Burge case the court quoted from 81 C.J.S. Social Security and Public Welfare § 163, p. 247, the following generally recognized rule:
“An employee’s deliberate violation of a reasonable rule in connection with his work is sufficient to constitute willful misconduct which will result in a loss of unemployment benefits where he is discharged for such violation.”
Appellant’s sole and only contention is that there was a deliberate and intentional infraction of a work rule on the part of the employee of such nature as to constitute misconduct. The determination of whether the act was deliberate or intentional entails the drawing of an inference from the evidence which amounts to nothing more or less than the finding of a fact in the matter’upon which fair-minded men might possibly disagree. The board of review resolved the question in favor of the employee after a due consideration of the divergent testimony and concluded: “His actions are not of such a nature that it would indicate that he was deliberately trying to violate any safety rule or any other rules and regulations of the employer; * * The finding of such a fact is within the exclusive province of the board of review, and no question of law having been presented or being involved in the case, this court would find itself powerless, even if it disagreed with the board, to disturb its conclusion. There is no question of fraud in the case.
Therefore, the judgment appealed from is affirmed.
Affirmed.