134 So.2d 388 (1961)
Woodrow W. JOHNSON, Plaintiff-Appellant,
v.
Richard E. BROWN, Jr., Administrator, etc., et al., Defendants-Appellees.
No. 392.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
Robert W. McHale, Lake Charles, for plaintiff-appellant.
*389 Jerry H. Bankston and Marion Weimer, by Marion Weimer, Baton Rouge, John Henry LeBleu, Lake Charles, for defendants-appellees.
Before TATE, FRUGE and SAVOY, Judges.
TATE, Judge.
The claimant appeals from a district court judgment affirming the denial of unemployment benefits by the Board of Review of the Division of Employment Security. The claimant seeks judicial review of such denial under LSA-R.S. 23:1634, which pertinently provides that "the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." The appellees are the state agency and the claimant's former employer.
After interlocutory proceedings about which further comment will be made, the agency's board of review found that the employee had been "discharged for making derogatory remarks about the company to a supervisor when he found out that he had been docked for not reporting to work" on a day which the company had previously agreed to consider as part of his annual paid vacation. The board found that therefore the employee had been discharged for "misconduct connected with his employment", which is a cause of disqualification for unemployment benefits. LSA-R.S. 23:1601(2).
We may at the outset state that a single hotheaded incident cannot be considered the type of premeditated and seriously improper conduct which constitutes, within the meaning of the statute, the serious cause sufficient to deny unemployment compensation benefits to an employee. An employer has, of course, the legal right to discharge an employee without cause or for any cause; but such employee ordinarily is upon application entitled to unemployment compensation benefits when his terminated employment is covered by the Louisiana Unemployment Compensation Law. LSA-R.S. 23:1471 et seq. These benefits are not paid primarily to reward the employee or to punish the employer, but rather to protect the stability of the state of the family.
As the Louisiana legislature declared in enacting this beneficial statute, "As a guide to the interpretation and application of this Chapter, the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is a serious menace to health, morals and welfare of the people of this state. Unemployment is therefore a subject of general interest and concern which requires appropriate action by the Legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family. The achievement of social security requires protection against this greatest hazard of our economic life." LSA-R.S. 23:1471.
In Sewell v. Sharp, La.App. 2 Cir., 102 So.2d 259, our brothers of the Second Circuit, reversing an agency determination that an employee could not receive unemployment compensation benefits because of alleged "misconduct", stated, 102 So.2d 261-262:
"`Misconduct' is a word of general usage and is not defined in the statute itself. Resort must, therefore, be made to the generally accepted definitions, such as wrongful, improper or unlawful conduct, motivated by premeditated, obstinate, or intentional purpose. Misconduct, within the meaning of the Unemployment Compensation Act, excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, and a disregard of standards of behavior which the employer has a right to expect of *390 his employees. * * * We do not think that the term `misconduct' as used in the Unemployment Compensation Statute, excepting employees discharged for misconduct from the benefits of the statute, should be so literally construed as to effect a forfeiture of such benefits by an employee except in clear instances. The term should be construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision by excluding cases not clearly intended to be within the exception. Such appears to be the general rule. * * *"
Other recent instances where the courts reversed agency determinations that a discharged employee should be denied unemployment benefits on the ground of "misconduct connected with his employment" include: Prenell v. Brown, La.App. 3 Cir., 130 So.2d 520; Robinson v. Brown, La.App. 2 Cir., 129 So.2d 45; Jackson v. Administrator, Division of Employment Sec., La. App. 2 Cir., 123 So.2d 915; King v. Brown, La.App. 2 Cir., 115 So.2d 405. See also cases affirming the agency's award of unemployment compensation benefits, despite the employer's appeal, when the alleged misconduct was not an act of wanton or willful disregard of the employer's interest. In re United States Gypsum Co., La.App. 4 Cir., 121 So.2d 362; Yellow Cab Co. v. Stewart, La.App. 2 Cir., 111 So.2d 142, certiorari denied.
In addition, however, we find that the agency's denial of unemployment compensation to the claimant cannot be sustained because, prior to the hearing, the claimant was not given notice of the charge of "misconduct" upon which such denial was based.
The facts show that the employer had initially reported that the employee had been discharged because "he wouldn't take orders". The employer appealed the initial determination by the local office allowing unemployment compensation to the claimant. At the hearing on the employer's agency appeal, however, the employer's representative frankly admitted that the claimant was not discharged because of any refusal to obey orders, but rather because of derogatory remarks the employee had made when he became angry in a dispute about being docked for a day's wages of his holiday for which, admittedly, the employer had previously agreed to pay. The appeals referee upheld the firing on the ground that these angry remarks constituted misconduct which, although different from that with which the claimant was originally charged, was nevertheless sufficient to have justified the discharge.
Under almost identical circumstances, our brethren of the Second Circuit reversed the agency's denial of unemployment benefits, holding that the statutory requirement of a "fair hearing", LSA-R.S. 23:1629, includes the essential prerequisite of prior notice of the charge of "misconduct", so that the employee will have an adequate opportunity to prepare to disprove it. King v. Brown, 115 So.2d 405. The Second Circuit held that, because of the statutory right to a fair hearing, a denial of compensation cannot be based upon a charge raised for the first time at the hearing and substituted then for the offense with which prior to the hearing the claimant was charged.
In summarizing the similar basic unfairness and violation of the claimant's statutory right to a fair hearing, the court in the cited case commented, 115 So.2d 411: "Claimant was charged in the agency's determination of misconduct connected with his employment in a certain specified particular. He and his counsel attended the hearing. Based upon that charge, prepared for its refutation, they successfully, according to the appeals referee and the Board of Review, disproved or rebutted the charge. Notwithstanding the employee's exoneration of the charge directed against him, the appeals referee and the Board of Review found the employee guilty of other misconduct with which the employee had not been *391 charged, with which he had no prior knowledge, by which he was surprised and which he was unprepared to defend."
For the reasons assigned, we find that the claimant-appellant is entitled to unemployment compensation benefits for which he makes claim. The judgment appealed from is therefore annulled and set aside, and the case is remanded to the Board of Review for further proceedings in accordance with our decision herein.
Reversed and remanded.