134 So.2d 384 (1961)
Alma TURNER, Plaintiff-Appellant,
v.
Richard E. BROWN, Jr., Administrator et al., Defendants-Appellees.
No. 348.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
*385 C. Kenneth Deshotel, Opelousas, for plaintiff-appellant.
Sandoz & Sandoz, by Leslie Schiff, Opelousas, Jerry H. Bankston and Marion Weimer, Baton Rouge, for defendants-appellees.
Before TATE, FRUGE and SAVOY, JJ.
TATE, Judge.
The claimant appeals from a district court judgment affirming the denial of unemployment benefits by the Board of Review of the Division of Employment Security. The claimant seeks judicial review of such denial under LSA-R.S. 23:1634, which pertinently provides that "the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." The appellees are the state agency and the claimant's former employer.
The administrative agency found that the employee had been discharged because she refused to follow her supervisor's instructions. In denying her benefits, the board found that therefore the employee had been discharged for "misconduct connected with his employment", which is a cause of disqualification for unemployment benefits. LSA-R.S. 23:1601(2).
The appellant argues that the evidence taken at the administrative hearing does not support the finding that the claimant disobeyed her supervisor's instructions and, also, that her conduct was not of such a nature as to invoke the penal disqualification provisions of the unemployment compensation statute. The appellees of course argue to the contrary, and they further suggest *386 that the denial of unemployment compensation benefits must be affirmed by the courts because there is evidence that the employee did fail to follow her employer's instructions.
Under the statute, the courts must accept the factual findings of the administrative agency if supported by sufficient evidence. But the legislature has also provided for judicial review of questions of law affecting the administrative determinations, which review includes the judicial determination of whether, under the facts found by the agency, the claimant is or is not as a matter of law entitled to receive the benefits provided by the unemployment compensation statute. As summarized in Broussard v. Administrator, Division of Employment Sec., La.App. 1 Cir., 121 So.2d 268, 270-271: "* * * the courts may not invalidate the findings of fact by the Board of Review where supported by evidence entitled to judicial acceptance. It is equally clear, however, that where a court must ascertain the effect of the act, judicial responsibility embraces the question of whether such findings are indicative of a disqualification under the statute,' * * * `While the courts cannot question facts as found by the Board if supported by sufficient evidence, they should always be able to determine the meaning of the law to be applied to those facts and to review the application of the law.' * * *"
The evidence at the administrative hearing shows that the claimant had been employed as a cook at the defendant employer's lunch counter for about eight years prior to the incident which gave rise to her discharge. She was discharged on March 5, 1960, when she violated instructions given her the previous day, for the first time so far as the record shows, not to carry food from the kitchen in back to the lunch counter in front. The claimant testified without contradiction that she had brought the food to the front because a co-employee had asked her to and had told her that the assistant manager wanted "some more rice in the pot" in the front. The claimant was impolite to the counter manager when he rebuked her for violating the instructions he had given her the previous day, and the claimant was then discharged for refusing to obey such instructions not to bring food to the front.
There is ample evidence to support the administrative finding of fact that the claimant had failed to follow her supervisor's instructions and that she was therefore discharged. And the employer of course had the legal right to discharge her for this failure or for any cause or even without cause.
But the legal question remaining is whether this single incident can be considered the type of premeditated and seriously improper behavior which constitutes, within the meaning of the statute, the "misconduct" of a sufficiently grave nature so as to invoke the penal provisions disqualifying an unemployed worker because of it from the receipt of unemployment benefits.
Unemployment compensation is not paid primarily to reward the employee or to punish the employer, but rather to protect the stability of the state and of the family. As the Louisiana legislature declared in enacting this beneficial statute, "As a guide to the interpretation and application of this Chapter, the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is a serious menace to the health, morals and welfare of the people of this state. Unemployment is therefore a subject of general interest and concern which requires appropriate action by the Legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family. The achievement of social security requires protection against this greatest hazard of our economic life." LSA-R.S. 23:1471.
In Sewell v. Sharp, La.App. 2 Cir., 102 So.2d 259, our brothers of the Second Circuit, reversing an agency determination that an employee could not receive unemployment *387 compensation benefits because of alleged "misconduct", stated, 102 So.2d 261-262:
"`Misconduct' is a word of general usage and is not defined in the statute itself. Resort, must, therefore, be made to the generally accepted definitions, such as wrongful, improper or unlawful conduct, motivated by premeditated, obstinate, or intentional purpose. Misconduct, within the meaning of the Unemployment Compensation Act, excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, and a disregard of standards of behavior which the employer has a right to expect of his employees. * * * We do not think that the term `misconduct' as used in the Unemployment Compensation Statute, excepting employees discharged for misconduct from the benefits of the statute, should be so literally construed as to effect a forefeiture of such benefits by an employee except in clear instances. The term should be construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision by excluding cases not clearly intended to be within the exception. Such appears to be the general rule. * * *"
Other recent instances where the courts reversed agency determinations that a discharged employee should be denied unemployment benefits on the ground of "misconduct connected with his employment" include: Prenell v. Brown, La.App. 3 Cir., 130 So.2d 520; Robinson v. Brown, La. App. 2 Cir., 129 So.2d 45; Jackson v. Administrator of Division of Employment Sec., La.App. 2 Cir., 128 So.2d 915; King v. Brown, La.App. 2 Cir., 115 So.2d 405. See also cases affirming the agency's award of unemployment compensation benefits, despite the employer's appeal, when the alleged misconduct was not an act of wanton or willful disregard of the employer's interest. In re United States Gypsum Co., La.App. 4 Cir., 121 So.2d 362; Yellow Cab Co. of Shreveport v. Stewart, La.App. 2 Cir., 111 So.2d 142, certiorari denied.
The present instance concerns the discharge of an employee because of a single incident of disobedience to her supervisor's instructions after eight years of employment. A treatise source summarizes as follows decisions from other states which afford an applicable standard of evaluation of the employee's lapse: "Misconduct which will deprive an employee of unemployment compensation requires more than mere inefficiency or unsatisfactory conduct, or a failure in good performance as the result of inability or incapacity, or errors in judgment or discretion committed in good faith. Such misconduct is not shown by a single dereliction or minor and casual acts of negligence or carelessness, or by inadvertencies or ordinary negligence in isolated instances," 81 C.J.S. Social Security and Public Welfare § 162, pp. 246-247. Further, "if by direct proof or as an inference from the circumstances it appears that an employee's violations of rules, causing his discharge, were the result of thoughtlessness or inadvertence, he is not guilty of willful misconduct rendering him ineligible for unemployment benefits," Id., § 163, p. 248. On the other hand, the repeated and deliberate violation by an employee of an employer's reasonable instructions may be disqualifying misconduct (Batiste v. Brown, La.App. 3 Cir., 134 So.2d 381; Chapman v. Division of Employment, La.App. 2 Cir., 104 So.2d 201), as may be a single deliberate violation of a safety rule which endangers the lives of co-employees and the property of the employer. Burge v. Administrator, Division of Employment Sec., La.App. 2 Cir., 83 So.2d 532.
Applying these legal standards, we cannot conclude that the employee's violation of her employer's instructions in this single instance after eight years of previously satisfactory conduct in her employment, when it did not involve a willful and wanton disregard *388 of the employer's interests, was misbehavior of a sufficiently serious nature as to constitute, within the intendment and meaning of the statute, misconduct by reason of which the claimant is disqualified to receive unemployment compensation benefits. See: e. g., Johnson v. Brown, La.App. 3 Cir., 134 So.2d 388; In re Gypsum Co., La.App.Orl., 121 So.2d 362; Sewell v. Sharp, La.App. 2 Cir., 102 So.2d 259. For the reasons assigned, we therefore find that the claimant-appellant is entitled to the unemployment compensation benefits for which she makes claim. The judgment appealed from is therefore annulled and set aside, and the case is remanded to the Board of Review for further proceedings in accordance with our decision herein.
Reversed and remanded.