134 So.2d 381 (1961)
George BATISTE
v.
Richard E. BROWN, Jr., Administrator.
No. 385.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
Rehearing Denied November 29, 1961.
C. O. Brown, Alexandria, for plaintiff-appellant.
Jerry H. Bankston, Baton Rouge, for defendant-appellee.
Before TATE, FRUGE and SAVOY, JJ.
SAVOY, Judge.
This is an appeal by plaintiff from a judgment of the district court maintaining the decision of the Board of Review, Division of Employment Security, Department of Labor of the State of Louisiana, which denied plaintiff unemployment benefits under the provisions of LSA-R.S. 23:1471-1713.
The Board of Review notified plaintiff that he had been disqualified from receiving unemployment benefits for the following reasons:
"You were fired for damaging freight and not reporting it to the company. You missed work without notifying your employer. You failed to report an accident in which you were involved. This is misconduct in connection with your work."
After receiving the above notice, plaintiff appealed this ruling to the appeals referee. The appeals referee affirmed the finding of the Board with the following opinion:
"Section 1601(2) of the Louisiana Employment Security Law provides that a claimant shall be disqualified when discharged for misconduct connected with employment. Such disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and separation from such employment must be under non-disqualifying circumstances.
"This claimant's discharge seems to have resulted from a series of incidents all of which and any of which might be interpreted as misconduct in connection with the employment. Upon occasion, he would fail to take the proper action relative to damaged freight and then proceeded to inflict property damage with the vehicle under his control and not report same to the employer. It is inconceivable that the claimant could have an accident, however slight, but particularly an accident wherein damages were approximately *382 $100.00, and not be aware of same. His failure to properly report said damage of the employer is viewed by this Referee as misconduct in connection with the employment, and the findings of the Agency are deemed correct.
"It is ordered that the determination of the Agency be affirmed."
The decision of the Appeals Referee was affirmed by the Board of Review of the Division of Employment Security of the Department of Labor of the State of Louisiana. From this ruling, plaintiff appealed to the district court, which affirmed the decision of the Board of Review.
Plaintiff then appealed to this Court from the judgment of the district court.
The term "misconduct" is defined in the case of Sewell v. Sharp, La.App. 2 Cir., 1958, 102 So.2d 259, 261, as follows:
"The question is, do the facts establish misconduct upon the part of the plaintiff within the intent of the statute? `Misconduct' is a word of general usage and is not defined in the statute itself. Resort, must, therefore, be made to the generally accepted definitions, such as wrongful, improper or unlawful conduct, motivated by premeditated, obstinate, or intentional purpose. Misconduct, within the meaning of the Unemployment Compensation Act, excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, and a disregard of standards of behavior which the employer has a right to expect of his employees. * * *
"We do not think that the term `misconduct' as used in the Unemployment Compensation Statute, excepting employees discharged for misconduct from the benefits of the statute, should be so literally construed as to effect a forfeiture of such benefits by an employee except in clear instances. The term should be construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision by excluding cases not clearly intended to be within the exception. Such appears to be the general rule. * * *"
In 81 C.J.S. Social Security and Public Welfare § 163, p. 248, dealing with the subject, the following comment is made:
"An employee's deliberate violation of a reasonable rule in connection with his work is sufficient to constitute willful misconduct which, when it results in his discharge, renders him ineligible for unemployment compensation, at least, under some statutes, for a specified period of time. However, if by direct proof or as an inference from the circumstances it appears that an employee's violations of rules, causing his discharge, were the result of thoughtlessness or inadvertence, he is not guilty of willful misconduct rendering him ineligible for unemployment benefits."
In the case of Burge v. Administrator, Division of Employment Sec. (La.App. 2 Cir., 1955), 83 So.2d 532, plaintiff appealed for judicial review of a ruling by the Board of Review which denied his claim for unemployment compensation. The district court reversed the ruling of the Board of Review and held that plaintiff was entitled to unemployment benefits. The Court of Appeal reversed the decision of the district court and re-instated the ruling of the Board of Review. The facts found in that case were that plaintiff was a railroad conductor, that the train he was on was to do some switching and he was flagging on the front end of the train. There were two cars between him and the engineer. As soon as he saw the flag, he gave the signal to the engineer to stop. However, due to a bend in the siding, the engineer could not see the signal in time and did not bring the train to a halt until it had bumped the car on the side. He testified that he did not see the car in time to give the stop signal to the engineer. The Court stated that the engineer's deliberate violation of a reasonable *383 rule in connection with his work was sufficient to constitute willful misconduct and denied him unemployment benefits, the Court finding that a single violation of a safety rule could have grave consequences.
In Sewell v. Sharp, supra, the facts were that plaintiff was employed as a charwoman for the Commercial National Bank in Shreveport, Louisiana. Her contract of employment provided for an annual two-weeks vacation with pay, which vacation for 1957 was scheduled to begin June 30, 1957, on which date, or the day prior thereto, she was informed by her foreman that her vacation was cancelled. A postponement of her vacation was requested because of the continued illness of other employees in the same department. Plaintiff insisted on taking her vacation as scheduled because of the serious illness of her daughter, who needed her services and personal attention. She was not informed that if she insisted on her vacation she would be discharged. The Board of Review for the Department of Labor and the district court denied her unemployment compensation benefits on the basis that she voluntarily left her employment without good cause connected with her work and that she was discharged by her employer for misconduct connected with her employment. The Court of Appeal reversed the findings of the Board of Review and the judgment of the district court and held that term `misconduct' as used the Unemployment Compensation Statute, excepting employees discharged for misconduct from the benefits of the statute, should be so literally construed as to effect a forfeiture of such benefits by an employee except in clear instances. The Court of Appeal held that plaintiff's action was in accord with the terms of her contract of employment, namely, that she was entitled to a vacation with pay which had been timely agreed upon and scheduled by the employer. The Court held that the facts and circumstances of each case must be given consideration in arriving at a decision.
In the case of In re United States Gypsum Co., Ct.App.Orleans, 1960, 121 So.2d 362, the employer appealed from a judgment of the Civil District Court of the Parish of Orleans affirming the decision of the Board of Review of the Division of Employment Security, Department of Labor of the State of Louisiana, which had reversed the decision of the Appeals Referee and removed the disqualification of Spears as a claimant of unemployment compensation benefits. Spears was employed by United States Gypsum Company as a packer and loader, his duties in general being similar to those of a laborer in any shipping or receiving department. In the course of his employment, he was directed by the foreman to proceed from a loading platform and procure a boxcar door puller chain. After obtaining the chain, Spears threw it across a spur track where it landed in some shells, causing a number of shells to fly about from the impact. One of the rules of the company was "never throw objects". After the incident involving the chain, Spears was fired for violating the above mentioned safety rule. The employer contended that Spears' act in throwing the chain instead of carrying it was in violation of a rule of the employer, and his discharge was for misconduct. Because of this he was disqualified to receive benefits in view of the provisions of LSA-R.S. 23:1601, as amended, which reads in part as follows:
"An individual shall be disqualified for benefits:
* * * * * *
"(2) If the administrator finds that he has been discharged for misconduct connected with his employment. * * *"
The Court found that the determination of whether the act was deliberate or intentional entailed the drawing of an inference from the evidence which amounted to nothing more or less than a finding of fact. The finding of fact was within the exclusive province of the Board of Review and no question of law having been presented or being involved in the case, the Court was powerless, even if it disagreed with the *384 Board, to disturb its conclusions. It affirmed the judgment of the district court, which affirmed the decision of the board of review for the Division of Employment Security, reversing the decision of the appeals referee and removing the disqualification of Samuel Spears as a claimant of unemployment compensation benefits.
The evidence in the instant case reflects that plaintiff, as an employee of Hathorn Transfer Company, delivered damaged furniture to Pearson Furniture Company. The consignee made a notation on the freight bill that one mirror was broken. Plaintiff did not report this to his employer, and it was not until some time after the delivery that the transfer company learned of the damage to the mirror, as the person handling the freight bill after it had been turned in by plaintiff did not catch the notation made by the consignee. Because of his negligent performance of his duties, plaintiff was required by his employer to pay $25 as damage for the mirror. It is not disputed that plaintiff should have inspected the freight at the time it was taken from the railroad company and made a notation on his bill that he received from the railroad company in order that his employer would have been protected under the circumstances. It was the duty of plaintiff to have brought this matter to his employer's attention upon returning to the office in order that the employer could have made a thorough inspection of the damage Another incident found by the Board of Review was that when plaintiff was delivering or picking up freight from a school house, he backed into a shed and ripped the metal of the truck in one direction and when he moved the truck forward it ripped the metal in another direction. Plaintiff claimed that he did not know that he had even damaged the truck. In addition to the specific incidents mentioned above, the finding of the appeals referee that the claimant's discharge resulted from a series of incidents in which he had failed to report freight damages, the claimant had been warned the day before that he would be discharged if he did not report in the future any damages to the property belonging to the owner. Chapman v. Division of Employment Sec., Ct.App. 2 Cir., 1958, 104 So.2d 201.
As stated in the case of In re United States Gypsum Company, supra, under the provisions of LSA-R.S. 23:1634, in connection with any proceeding for judicial review, it is provided in said section that the findings of the board of review as to facts, if supported by evidence and in the absence of fraud, shall be conclusive. The jurisdiction of the court shall be confined to questions of law.
After reviewing the entire record, it is the opinion of this Court that there is sufficient evidence in the record to support the finding of the district court and the Board of Review.
For the reasons assigned, the judgment of the district court is affirmed. Plaintiff is to pay all costs of this appeal.
Affirmed.

On Application for Rehearing
En Banc. Rehearing denied.