SAMUEL, Judge.
This matter arises out of plaintiffs claim for unemployment compensation benefits. Originally he was found to be eligible for such benefits. But on an appeal filed by his former employer, and after a hearing thereon, the appeals referee reversed the initial determination and ruled that plaintiff was guilty of misconduct connected with his employment and therefore ineligible. The referee’s decision was affirmed by the Louisiana Board of Review and on petition for review the decision of the Board of Review was affirmed by the District Court. Plaintiff has appealed to this court.
The proceeding was brought under LSA-R.S. 23:1634 as amended, which provides in part that “ * * * the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” There being no allegation of fraud, two questions are presented for our determination:
(1) Is there sufficient evidence in the record to support the findings of the board as to the facts ?
(2) If said findings are supported by sufficient evidence, do they constitute misconduct as a matter of law and within the meaning of LSA-R.S. 23:1601(2)?
We feel the need to mention that the employer’s right to discharge an employee is not involved here; the statutes relative to unemployment compensation do not affect the right of the employer to discharge for any reason or for no reason at all. We are concerned only with the employee’s right to receive compensation benefits after his discharge.
After a thorough consideration of all of the evidence, which consists of the testimony of four persons and is conflicting in several instances, we are of the opinion that the findings of the board as to the facts are findings which reasonably and logically could be made from the evidence and are supported by “sufficient evidence” within the meaning of the statute. We therefore accept these findings which are as follows:
“The claimant worked for the above employer approximately one year. At the time of separation, he was working as a cashier in the employee’s cafeteria at $59 a week. The employer testified before the Appeals Referee that the claimant’s manner in dealing with other employees was discussed in a staff meeting. The claimant was then asked to ‘tone down’ his efforts in attempting to obtain payments. On a Sunday afternoon, the manager was taking his evening meal in the cafeteria. A bus boy appeared in the cafeteria for a meal. The meal was refused to the bus boy by the claimant. Other employees offered the bus boy their meal. However, the bus boy eventually obtained a glass of milk. Certain employees are entitled to one meal during the shift which they work. This is in accordance with the company policy. The claimant did not believe that the bus boy should have been given the meal, as he had eaten previous in the day. However the office manager advised the claimant to give the bus boy the meal. The claimant refused to do so. This act brought about his separation.”
The statute, LSA-R.S. 23:1601(2), provides that an individual shall be disqualified for benefits if the administrator finds that he has been discharged for misconduct connected with his employment. But since unemployment compensation has for its primary purpose the protection and stability of the state and of the family and not the rewarding of the employee or the punishing of the employer, the term “misconduct” as used in the statute is construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision by excluding *461 cases not clearly intended to be within the exception. See Turner v. Brown, La.App., 134 So.2d 384, 386; Batiste v. Brown, La.App., 134 So.2d 381, 382; Sewell v. Sharp, La.App., 102 So.2d 259, 261.
The applicable standard of evaluation pertinent to the instant case is to be found in Turner v. Brown, supra, 134 So.2d at page 387, where the court quotes another source with approval:
“ ‘Misconduct which will deprive an employee of unemployment compensation requires more than mere inefficiency or unsatisfactory conduct, or a failure in good performance as the result of inability or incapacity, or errors in judgment or discretion committed in good faith. Such misconduct is not shown by a single dereliction or minor and casual acts of negligence or carelessness, or by inadvertencies or ordinary negligence in isolated instances,’ 81 C.J.S. Social Security and Public Welfare § 162, pp. 246-247.”
Although it is not mentioned in the findings of fact by the board, the record reveals that there is some question as to whether or not the claimant had been ordered by one of his superiors to avoid ■“handouts” of meals to the employees; the claimant’s testimony to that effect is un-contradicted. The record also reveals that the bus boy who requested the meal had previously been supplied with one and the question of whether or not he was entitled to another meal was dependent upon the employer’s rule relative to his working an additional shift. The office manager whose advice claimant refused to follow was only one of the latter’s several superiors and not a person accustomed to giving claimant orders. We believe it important that the board did not find as a fact that the office manager ordered claimant to give the bus boy the meal; he only advised the claimant to do so.
We conclude that claimant’s action, •objectionable as it may have been to his superiors, was nothing more than an error in judgment or discretion committed in good faith and does not constitute such misconduct connected with his employment as to disqualify him for benefits under the statute.
For the reasons assigned, the judgment appealed from is reversed, annulled and set aside, and the case is remanded to the Board of Review for further proceedings in accordance with our decision herein.
Reversed and remanded.