FRUGÉ, Judge.
This is an appeal from a denial of unemployment compensation benefits. The plaintiff, Myrtis L. Williams, had been employed by J. M. Poultry Co. for a period of about two years. On her last day of employment, she and another employee became engaged in a fight as a result of an argument. The plaintiff knew that fighting on the job was a cause for discharge. Because of the fight, the plaintiff was discharged from her employment. Shortly thereafter, she made a claim for unemployment compensation benefits. The local office of the Louisiana Division of Employment Security in Alexandria, Louisiana, denied plaintiff’s claim. The local office felt that her violation of the company’s policy by fighting on the job constituted misconduct, thereby disqualifying her from receiving unemployment compensation benefits. The Board of Review for the Louisiana Division of Employment Security upheld the local office. Plaintiff appealed the decision of the board to the district court. From a judgment by the district court affirming the Board of Review, plaintiff has appealed to this court.
Plaintiff contends that her being involved in the fight did not constitute mis *238 conduct within the meaning of the Unemployment Compensation Law. It is the law in this state that an individual shall be disqualified for unemployment compensation benefits if he has been discharged for misconduct connected with his employment. LSA-R.S. 23 -.1601(2). The test as to what constitutes misconduct has been well stated in Sewell v. Sharp, La.App., 102 So.2d 259, at page 261, in which the court stated:
“Misconduct, within the meaning of the Unemployment Compensation Act, excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer’s interests, a deliberate violation of the employer’s rules, and a disregard of standards of behavior which the employer has a right to expect of his employees.”
Applying the above test, we must now determine whether, under the facts of this case, the plaintiff should be denied unemployment compensation benefits because of misconduct. In Johnson v. Brown, La.App., 134 So.2d 388, at page 389, this court stated the following:
“We may at the outset state that a single hotheaded incident cannot be considered the type of premeditated and seriously improper conduct which constitutes, within the.meaning of the statute, the serious cause sufficient to deny unemployment compensation benefits to an employee. An employer has, of course, the legal right to discharge an employee without cause or for any cause; but such employee ordinarily is upon application entitled to unemployment compensation benefits when his terminated employment is covered by the Louisiana Unemployment Compensation Law. LSA-R.S. 23:1471 et seq. These benefits are not paid primarily to reward the employee or to punish the employer, but rather to protect the stability of the state of the family.”
Based on the above language, we feel that the present case is one which could be classified as a “single hotheaded incident”. The claimant was discharged because she engaged in a fight as a result of an argument. We feel that this was merely a single event which, although it may have justified her discharge, did not justify a denial of unemployment compensation benefits.
For the foregoing reasons, we find that the claimant-appellant is entitled to unemployment compensation benefits for which she makes claim. The judgment appealed from is therefore annulled and set aside, and the case is remanded to the Board of Review for further proceedings in accordance with our decision.
Reversed and remanded.
HOOD, J., dissents.
On Application for Rehearing.
En Banc. Rehearing denied.
CULPEPPER and HOOD, JJ., are of the opinion a rehearing should be granted.