HENRY F. TURNER, Judge pro tem.
The plaintiff in this case was employed by Specialty Woodcraft Manufacturing Company, Inc. in their wood manufacturing plant at Chalmette, Louisiana.. He had been employed for a period of about seven years, the last three years of which he held a position as foreman. On Friday, August 10, 1962, at about 9:00 a. m., he voluntarily left the plant and did not thereafter return to work. He applied to the Division of Employment Security for unemployment benefit payments, which were refused by the administrator under LSA-R.S. 23:1601 (1), which reads as follows:
“An individual shall be disqualified for benefits:
“(1) If the administrator finds that he has left his employment without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances.”
From this ruling he appealed to the appeals referee, who assigned the case for hearing, which was duly held. The claimant testified in his own behalf. There was no other evidence. The appeals referee affirmed the ruling of the administrator, whereupon plaintiff appealed to the Louisiana Board of Review, who found no error in the decision of the referee and accordingly affirmed same. Claimant then instituted this suit in the District Court, wherein he sought a review of the ruling of the Board.
The record in this case was filed in evidence in the District Court, whereupon the District 'Court reversed the case and ordered plaintiff qualified for unemployment benefits. From this judgment the employer, Specialty Woodcraft Manufacturing Company, Inc., appealed to this Court.
The evidence in the case taken by the referee shows that the plaintiff left his job on August 10, 1962, at about 9:00 a. m. Whether or not he gave notice-to anyone of his intention-’to leave is open to-question! *726 lie was the only witness who testified at the hearing before the referee, and he testified at one point that he did not tell anyone he was going to take his vacation early. He also testified that he told someone that he was leaving. He claims that he was unjustly discriminated against when the company' posted the schedule of vacations. He claimed that he was entitled to an earlier vacation than the one allotted him because of his seniority. The evidence in the case does not support this complaint. The schedule of vacations was posted on July 23, 1962, and his vacation was scheduled to begin September 10, 1962. There is no showing, nor do we have any way of determining, because of his seniority that he would have been entitled to an earlier vacation. He claims that he complained of the time for his vacation. That, in our opinion, however, does not justify him in leaving his job without any notice, nor his failure, to return to work the next day without notice. Failure to report to work and failure to cooperate with the employer are set forth as grounds for disqualification for benefits under the Louisiana Employment Security Act. It is our view that the appeals referee properly ruled him disqualified.
The incident that triggered his determination to leave the company was the posting of a notice on the bulletin board that another foreman would replace him as foreman. There was no evidence that such change in organizational policy would affect his rate of pay, hours, or any other benefits. We think that the employer is entitled to use his employees as are best fitted to their capabilities. In the absence of discrimination or reduction of wages or other penalties, we are of the opinion that the mere change ir. title or rank is not in itself justification for an employee to leave his job without adequate or proper notice to his supervisor. From the evidence, we are convinced that his determination to take his vacation at a time best suited to him was an afterthought. He simply was angered at his demotion in rank in the shop.
The record does not show the number of days vacation to which plaintiff was entitled. He testified, however, that he left, on August 10, 1962, at 9:00 a. m. and returned to the shop on August 20, 1962, to. find that his card had been pulled. He made no further attempt to return to work.
Plaintiff cites the case of Sewell v. Sharp, La.App., 102 So.2d 259, as authority to support his position. This case, however, is. not in point as the facts in that case, where the plaintiff took her vacation at the time originally allotted to her rather than to accept a very late postponement or cancellation of same. In this case, the plaintiff sought to fix the time of his vacation to suit his own personal whims, without any agreement or even notification to his employer. The facts, to us, present a vast difference.
For the reasons stated, the judgment of the District Court is reversed, and the judgment of the appeals referee and Louisiana Board of Review is reinstated.. Costs to be paid by plaintiff.
Reversed.