BOLIN, Judge.
Claimant seeks reversal of a judgment of the district court affirming a ruling of the Louisiana Board of Review of the Division of Employment Security denying her unemployment benefits.
After having been employed for one year and seven months as a cashier in the cafeteria at a hospital in Shreveport, Louisiana, appellant was discharged. On the day of her dismissal she refused to go to the office of her supervisor to discuss an incident occurring earlier at the food counter.
The supervisor testified at the hearing before the appeals referee that claimant’s refusal to come to the office was not her first act of misconduct. She stated the employee had been called to the office of the administrator and advised to cease talking so much in the cafeteria but she failed to correct her conduct.
Claimant admitted she had been instructed to cease talking excessively and also that she had refused to follow the instructions of the supervisor to go to the latter’s office.
The appeals referee found there was sufficient evidence to substantiate the agency’s determination that the employee was discharged for insubordination and failure to co-operate with fellow employees. The referee concluded she was disqualified from receiving unemployment benefits under Louisiana Revised Statutes 23:1601(2) since her actions constituted misconduct connected with her employment.
The sole question before this court is whether the findings and conclusions of the board of review are supported by sufficient evidence and if so, whether the board’s legal conclusions are correct as a matter of law. Louisiana Revised Statutes 23:1634 and 23:1601 (2).
Claimant cites four recent cases in which the discharged employee was awarded compensation benefits because the conduct precipitating the discharge was not “misconduct connected with the employment”: Turner v. Brown (La.App. 3 Cir., 1961) 134 So.2d 384; Ciufo v. Brown (La.App. 3 Cir., 1963) 148 So.2d 459; Beaird-Poulan v. Brady (La.App. 2 Cir., 1964) 154 So.2d 589 and Kimble v. Brown (La.App., 2 Cir., 1964) 162 So.2d 415.
In each of the cited cases there was only one isolated instance of violation of a-rule or failure to obey an order of a supervisor. Thus it was held, and we think correctly so, that the act or violation did not constitute a willful or wanton act in complete disregard of the employer’s interest. See Horns v. Brown, 243 La. 936, 148 So.2d 607 (1964).
We consider the cited cases factually distinguishable from the ' instant case and therefore inapplicable.
*663 The record of the administrative hearing and review appears adequately to support the findings of the appeals referee that appellant’s actions were in willful disregard of her employer’s interest and therefore constituted misconduct connected with the employment.
For the reasons assigned the judgment of the lower court is affirmed.
Affirmed.