GULOTTA, Judge.
The plaintiff-employer appeals from a trial court judgment affirming the Board of Review’s determination that the employee, Hattie M. Antoine, was terminated from her employment under “non-disqualifying circumstances” entitling her to receive unemployment benefits. The Board of Review had reversed the earlier determination by the Administrator and Appeals Referee which found insubordination “for refusing an assigned duty, which was a reasonable request of the employer” and concluded the employee was discharged for misconduct[1] connected with her employment.
Prior to her termination Hattie Antoine had been employed by plaintiff for a period of sixteen months. Her job involved cloth-covering wood caskets, manufactured by plaintiff. On the date of her discharge, because she was not needed in her usually assigned department, Hattie Antoine was instructed to work in another department. When the employee informed the supervisor that she was physically unable to do the job in the newly assigned department, the supervisor instructed her to “push a broom”. The employee refused to sweep and she was discharged. The employee complains of the demeaning manner in which the supervisor told her to sweep the premises.
In the opinion of the Board of Review, based on the evidence taken before the Appeals Referee, the Board stated:
“ . . .A careful review of the testimony and evidence in this case clearly shows that the claimant was discharged for refusing to do janitorial work.
The Board further finds that the claimant was initially hired to work in the cloth-covered wood department. V/e further find that when assigned to do janitorial work and she quit, her quitting was under non-disqualifying circumstances. *756 The employer in fact, violated the claimant’s hiring agreement.”
The record does not contain any evidence relating to the hiring agreement nor the content of any union contract;[2] nevertheless, we cannot say that the Board’s conclusion is in error.
We find no merit to plaintiff’s argument that, as a matter of law, the evidence was not sufficient to support the Board of Review’s reversal of the Appeals Referee. Our consideration of the testimony in the record leads to a conclusion that the employee’s action, under the circumstances, was not such as^to constitute “misconduct” thereby disqualifying her from receiving unemployment benefits.
This Court has defined “misconduct” in unemployment benefit cases as “an act of willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer.”[3]
At the hearing before the Appeals Referee, Hattie Antoine was described by her supervisor as a “very good employee”, and prior to this one incident she had never refused to do any other work. The employee’s refusal to obey was not because her supervisor had asked her to sweep but, rather, because of the demeaning manner in which she was told to sweep. She took umbrage at her supervisor’s attitude in ordering her “to go push a broom”.
In Turner v. Brown, 134 So.2d 384, (La. App. 3rd Cir., 1961) an isolated incident of disobedience by an employee was found not to constitute “misconduct”. In Turner, the Court stated that:
“ . . . Such misconduct is not shown by a single dereliction or minor and casual acts of negligence or carelessness, or by inadvertencies or ordinary negligence in isolated instances . . . ”
And, in Payne v. Antoine’s Restaurant, supra, in a more aggravated single incident of disobedience than in our case, this Court also concluded that the employee’s actions did not constitute misconduct. The Payne court relied on and quoted from the language hereinabove referred to from the Turner case.
Furthermore, in Johnson v. Brown, 134 So.2d 388 (La.App. 3rd Cir., 1961), which also involved a single incident, the Third Circuit concluded that a “single, hotheaded incident cannot be considered the type of premeditated and seriously improper conduct which constitutes, within the meaning of the statute, the serious cause sufficient to deny unemployment compensation benefits to an employee.”
Considering the circumstances surrounding the isolated incident in our case, along with the employee’s sixteen month period of service as “a very good employee”, we cannot say Hattie Antoine’s actions constituted misconduct under the statute.
Accordingly, the judgment is affirmed.

AFFIRMED.

. R.S. 23:1601 provides in pertinent part:
“An individual shall be disqualified for benefits:
1. . . .
2. If the administrator finds that he has been discharged for misconduct connected with his employment such disqualification

. Hattie Antoine testified that she was a member of a union.

. Payne v. Antoine’s Restaurant, 217 So.2d 514 (La.App. 4th Cir., 1969).