381 So.2d 935 (1980)
Jimmy L. JACOBS, Plaintiff-Appellant,
v.
Joseph GERACE, Administrator, Division of Employment Security, and City of Alexandria, Defendants-Appellees.
No. 7496.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1980.
Camille J. Giordano, Alexandria, for plaintiff-appellant.
James A. McGraw, Baton Rouge, Garrett, Ryland & Nunnally, B. Dexter Ryland, Alexandria, for defendants-appellees.
Before CUTRER, STOKER and LABORDE, JJ.
LABORDE, Judge.
The plaintiff, Jimmy L. Jacobs, was held disqualified for unemployment compensation by decision of the Board of Review of the Louisiana Office of Employment Security. The disqualification was based on the determination by the Appeals Referee that plaintiff had been discharged for misconduct connected with his employment. The plaintiff filed suit in district court to obtain judicial review of this decision. The trial court affirmed the decision of the Board of Review. The plaintiff appeals from that judgment.
Our review in this case is controlled by LSA-R.S. 23:1634 which provides in part:
"In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to question of law."
This court interpreted that language in Turner v. Brown, 134 So.2d 384 (La.App. 3rd Cir. 1961).
Under the statute, the courts must accept the factual findings of the administrative agency if supported by sufficient evidence. But the legislature has also provided for judicial review of questions of law affecting the administrative determinations, which review includes the judicial determination of whether, under the facts found by the agency, the claimant is or is not as a matter of law entitled to receive the benefits provided by the unemployment compensation statute. As summarized in Broussard v. Administrator, Division of Employment Sec., La.App. 1 Cir., 121 So.2d 268, 270-271:
*936 "`* * * the courts may not invalidate the findings of fact by the Board of Review where supported by evidence entitled to judicial acceptance. It is equally clear, however, that where a court must ascertain the effect of the act, judicial responsibility embraces the question of whether such findings are indicative of a disqualification under the statute,' * * `While the courts cannot question facts as found by the Board if supported by sufficient evidence, they should always be able to determine the meaning of the law to be applied to those facts and to review the application of the law.' * * *"
We do not review the facts presented because we do not feel that the facts, if proved, would support the conclusion of the Appeals Referee that claimant's discharge was due to his own misconduct connected with his employment and was under disqualifying conditions.
The relevant statute is LSA-R.S. 23:1601 which provides: "An individual shall be disqualified for benefits ... [i]f the administrator finds that he has been discharged for misconduct connected with his employment. . . ." Misconduct is not defined under the Louisiana Employment Security Law.
Louisiana jurisprudence had adopted the definition of misconduct found at 48 Am. Jur., Social Security, Unemployment Insurance, Etc. § 38 at 541.[1]
Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.
The notice of hearing specifies that the claimant is charged with "... firing a firearm on city property, which endangered other city employees in the area. Your action resulted in a willful disregard of your employer's interests." [Emphasis supplied.] We believe that, in determining whether as a matter of law claimant willfully disregarded his employer's interest, we must consider claimant's actions and not those of another person. In concluding that claimant was discharged due to misconduct connected with his employment, the Appeals Referee stated:
From the evidence and facts presented, it is concluded that the claimant had been threatened that morning but did not use sound judgment in reporting to work and also taking a gun with him when he did and when he was shot at, he returned the fire without considering the other people around him, and that his actions did endanger other people's life [sic] and did not consider the results of what would have happened to his employer had anything happened to his fellow workers around him.
We agree with the Appeals Referee that claimant may not have used sound judgment. But failure to use sound judgment is not the same as a willful disregard for the employer's interest. See, Turner v. Brown, 134 So.2d 384 (La.App. 3rd Cir. 1961); Johnson v. Brown, 134 So.2d 388 (La.App. 3rd Cir. 1961); Beaird-Poulan, Inc. v. Brady, 154 So.2d 589 (La.App. 3rd Cir. 1963). The above cited cases all involve single incidents which, as phrased by this court in Johnson, at p. 389, "cannot be considered the type of premeditated and seriously improper conduct which constitutes, within the meaning of the statute, the serious cause sufficient to deny unemployment compensation benefits to an employee."
We agree with Justice Holmes that, "Detached reflection cannot be demanded in the presence of an uplifted knife." Brown v. United States, 256 U.S. 335, 343, 41 S.Ct. 501, 502, 65 L.Ed. 961 (1921). We *937 therefore hold that claimant's conduct was not a willful disregard for his employer's interest.
We think it worth noting that, prior to any shots being fired by claimant, shots were fired by the assailant at claimant and in the general direction of city employees, Transcript, pp. 12, 13, and that the assailant continued to attack claimant, Transcript, p. 23. We feel the danger to city employees was created by the assailant and not by claimant. To find that claimant had willfully disregarded his employer's interest here would ignore the plain fact that the danger was created by the assailant.
We do not have before us the issue of the fairness of the hearing, but we feel constrained to point out that the hearing reviewed here strains the bounds of fairness required by LSA-R.S. 23:1629. See, Huddleston v. Brown, 124 So.2d 225 (La.App. 2nd Cir. 1960) and Thompson v. Brown, 163 So.2d 868 (La.App. 2nd Cir. 1964). The leading questions of the referee and hearsay testimony of three of the four witnesses of the employer do not meet the approved test of legal and competent evidence. Huddleston v. Brown, supra; Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir. 1964).
For the reasons stated before, the judgment appealed from is reversed and it is now ordered that the Board of Review of the Office of Employment Security, Department of Labor, State of Louisiana, issue an order directing payment to claimant of the unemployment compensation benefits to which he is entitled under the Louisiana Employment Security law. The defendant-employer is cast for all costs as may be legally assessable.
REVERSED AND RENDERED.
NOTES
[1] Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963) and cases cited therein.